ROBERT C. LOWRY V. ANDREW STEWART, *et al.*

*Error from Leavenworth County.*

*Decided February 5th, 1866.*

1. CONTRACT: SALE.—An offer to sell and an agreement to purchase, at a stipulated price unaccompanied by any delivery, actual or constructive, or the payment of any kind,, will not constitute a sale.

2. ID: PARTIES TO.—Where L., acting as the agent of S., had in his possession 778 sacks of flour, which he was authorized to sell for not less than $8 per sack, agreed to sell it for $6 to C., and before anything was paid or any delivery of the flour taken place, S., knowing the agreement; took the money from C. and delivered to him 700 sacks of the flour, in legal contemplation the sale was made by S. and not L.

3. ID: DAMAGES.—Where, in such a case, a sale has been consummated by L., the rule of damages in a suit by S. against L. would be the value of the flour at the time and place of the sale.

4. EVIDENCE: VALUE.—In such an action the price to which the agent is limited by his principal is *prima facie* evidence of the value.

5. TRIAL: SPECIAL FINDINGS.—Where, under section 291 of the code, the court is requested by the defendant to make special findings of fact, such findings must be sufficient to warrant the judgment.

6. ID: FINDINGS OF FACT.—In the case above indicated, a finding of the value of the flour was, necessary. A finding of the fact, which would be *prima facie* evidence of the value, is not a finding of the value. There might be rebutting evidence.

This action, brought by defendants in error against plaintiff in error, their agent, to recover the difference in price of flour sold by him at figures under those fixed in his instructions, was tried by the court. The questions determined arose on the findings of the court and in his refusal to find, from which findings, given and refused, a sufficient understanding of the facts of the case involved in the points decided may be gleaned.

The petition set forth substantially that plaintiff in error, at Fort Union, New Mexico, had, in March, 1863, seven hundred and seventy-eight sacks of flour, of the alleged value of $6,224, in his possession, which belonged to defendants in error; that he was so in possession thereof as their agent to sell the same; that he promised to use due diligence in obeying reasonable instructions of defendants in error; and that they instructed him to sell for eight dollars per sack, and not less, in case the same could be obtained by using reasonable diligence; that that was a reasonable direction; that with reasonable diligence that price might and ought to have been obtained; that he, Lowry, did not use such diligence, and neglected to sell the same according to such instructions, but in violation thereof, about the 1st of April, 1863, sold seven hundred sacks thereof for $6.00 per sack; that he did this as their agent with intent to defraud them, wherefore they ask judgment for $1,400, with interest from 1st of April, 1863.

The court found as facts:

1. That the said plaintiffs were, at the time mentioned in the petition, partners under the firm name of Slemmons, Roberts & Co.

2. In March, 1863, they had at Fort Union seven hundred and seventy-eight sacks of condemned flour. 

3. Defendant was employed at that time by one of said firm as their agent to sell said flour.

4. His instructions were not to sell for less than $8.00 per sack.

5. He sold said flour for $6.00 per sack in March, 1863, to Colonel Collins, superintendent of Indian affairs for New Mexico.

6. In pursuance of said sale seven hundred sacks were received by said Collins, and the price thereof, $4,200.00 paid directly to said plaintiffs.

. 7. The court further finds for the plaintiffs, and assesses their damages at $1,587.76.

The defendants then requested the court to find:

1. Whether plaintiff, Andrew Stewart, knew of said sale of said flour so made by said defendants before the 700 sacks of flour aforesaid had been by said Collins moved, under his purchase thereof.

2. And whether anything had been done with said flour under said sale thereof by said Collins, before said Stewart knew of said sale, and had opportunity to disaffirm said sale of said flour.

3. And whether said Stewart was not present at the time when said Collins took possession of said flour under said sale thereof to him.

. 4. And whether said Stewart did or did not, before said Collins took actual possession of said flour, consent that said Collins might have the same for $6.00 per sack.

5. And what said flour was worth per sack at the time of its greatest value after defendant was authorized to sell it, and before said plaintiff received said $4,200.00.

6. And whether said defendant could have sold the same for more than $6.00 per sack.

7. And whether the plaintiffs knew of said sale for $6.00 per sack at the time of receiving said $4,200.00.

8. Which of said plaintiffs so received said $4,200.00 for them.

9. And whether the one so receiving the same knew of said sale of said flour, and that the same had been so sold for $6.00 per sack at time of receiving said $4,200.00.

10. What power plaintiffs, or any of them, gave

defendant to sell said flour including the limitation on such power.

"Which last mentioned findings, as the record reads, or any of them, or any other special findings the court declined to make, and defendant by his attorneys excepts thereto and to each of the above mentioned findings."

A motion was made for a new trial which was overruled. On the judgment rendered on the findings the defendant founded this petition in error. It may be added that the record shows that special findings were also requested of the court previous to its making its findings as aforesaid, which request tended to call forth a judicial expression upon the facts involved substantially in the findings refused, as herein set forth. There was evidence tending to show that the principals knew of the terms of the sale made by the agent before they received the price thereof, as found by the court.

*Clough & Wheat*, for plaintiff in error.

*W. P. Gambell*, for defendants in error.

*For plaintiff in error, Clough & Wheat* submitted:

1. The sale as made by the agent, was ratified by the principals by their receiving the money paid, and by their directing the delivery of the flour.

2. Lowry was only a special agent. [*Chit. Contr.*, 200.] The purchaser knowing this fact, and having taken the delivery of the flour from the principals, obtained his title directly from them. *Chitty Conr.,* 200; 8 *Greel.*, 38; 11 *Barb.*, 652; *Story Agency*, § 224; 9 *U. S. Dig.*, 370, § 30, *p.* 371, § 40; 3 *id.*, 235, § 48.

3. Stewart, one of the principals, knew of the terms of the contract before he received the money thereon. This was equivalent to knowledge in all the principals. 2 *Hilliard Torts*, 107, *note a*; 12 *Pick.*, 136; *Chit. Contr.*, 16, 202 *and note* 4; *Broom's Leg. Max.*, 596, 776, 780; *Story Agency*, § 259; *Haughton v. Dodge*, 5 *Bosw.*, 326; 21 *U. S. Dig.*, 439,

§§ 31, 32; *Reid v. Hibbard*, 6 *Wisc.*, 175; 6 *McLean*, 106, 393; 10 *N. Y.*, 335; 15 *id.*, 577; 17 *Ill.*, 82; 14 *U. S. Dig.*, 485, §§ 9, 10; 18 *id.*, 602, § 62; *id.*, 601, §§ 47, 49, 50, 59; 19 *id.*, 561, §§ 41 50; 1 *Am. Lead. Cas.*, 671.

4. Such ratification operated as an adoption of the whole act of sale, including the price. *Chit. Contr.*, 202, note 2; 10 *Paige*, 127; 3 *Hill*, 552; 5 *id.*, 107, 113, 137; 3 *Pick.*, 505; 8 *id.*, 56; 19 *id.*, 300; 11 *Ala.*, 431; 12 *N. H.*, 205; 3 *id.*, 67–8; 12 *Johns.*, 304; *Story Agency*, §§ 242, 250; 12 *U. S. Dig.*, 492, § 21.

5. The principals could disaffirm the sale only within a reasonable time after the facts came to their knowledge. A disaffirmance should have been proven. *Bridenbecker v. Lowell*, 32 *Barb.*, 9; *Story Agency*, §§ 255, 258; *Crane v. Bedwell*, 25 *Miss.*, 507; 14 *U. S. Dig.*, 487, § 45; *Culver v. Ashley*, 19 *Pick.*, 300; 7 *U. S. Dig.*, 409, § 54.

6. Under the facts of the case the ratification will be presumed, [*Story Agency*, § 256; 6 *Mass.*, 193; 19 *Pick.*, 300,] and it is equivalent to previous authority given. *Commer. Bank v. Warren*, 15 *N. Y.*, 577; *Couro v. Pt. Henry Iron Co.*, 12 *Barb.*, 27; *Perry v. Hudson*, 10 *Ga.*, 362; 13 *U. S. Dig.*, 542, §§ 12, 13; *id.*, 543, § 32; 19 *Pick.*, 300.

7. No fraud was proved, none is found.

8. For the court to make the general finding of law was error, the defendant below having requested special findings. [*Comp. L.*, 171, § 291.] The findings of fact made do not justify the finding of law. It is therefore void.

9. The findings do not support the allegations of the petition. *Comp. L.*, 146, § 143.

10. The court erred in the measure of damages. It evidently proceeded on the assumption of a liability to the extent of the difference between the price fixed in the instructions and the price sold for. Plaintiffs below were entitled to recover, if anything, only the actual damage sustained, viz: the difference between the value of the flour and the price sold for. There is no finding of the value.

*Frothingham v. Everton,* 12 *N. H.,* 239; 13 *Ala.,* 460; 3 *Comst.* 78; *Dulap. Pal. Agen.,* 71 to 76; *Sedgw. Dam.,* 359, 360, 362–367; 7 *Ala.,* 335; 2 *Martin,* [*La.,*] 257; 9 *U. S. Dig.,* 371, § 49; *Story Agency,* § 221; *Woodward v. Snydam,* 11 *Ohio,* 360; *Brown v. McGraw,* 14 *Pet.,* 496; 3 *Wheat.,* 560; 3 *Pet.,* 69; 1 *Mason,* 117.

*Gambell, for defendants in error,* submitted:

1. The agent was bound to obey instructions. He had made no advances, nor had he incurred any liabilities, on account of the flour. *Bell v. Palmer,* 6 *Cow.,* 128; *Parker v. Bracken,* 22 *Pick.,* 40; *Brown v. McGraw,* 14 *Pet.,* 578; *Blot v. Boiceau,* 3 *Comst.,* 78; *Hale v. Storrs,* 7 *Wisc.,* 253; *Matthews v. Gilliss,* 1 *Clarke,* 242; *Milbank v. Denniston,* 1 *Bosw.,* 246; *Edmonton v. Hartshorn,* 19 *N. Y.,* 9.

2. It is conceded that the instructions were not to sell the flour for less than $8.00 per sack, and that the sale was made for $6.00 per sack. But it is claimed by the plaintiffs in error that for that reason the principals might have repudiated the acts of the agent. The rule, however, is that if the agent makes a contract within the scope of his authority, the principal will be bound by the contract, although made in violation of instructions. The contract binds the principal in all cases where the agent is held out to the public or to the other party as having competent authority, although in point of fact the agent violates or exceeds his instructions. *Story Agency,* § 443; *Kirns v. Piper,* 4 *Watts,* 222; *Mt. Olivet v. Shubert,* 2 *Head,* 116; *Shelbyville v. Shelbyville,* 1 *Metc.,* [*Ky.,*] 54; *Jones v. Shelbyville,* 1 *id.,* 58; *Rourke v. Story,* 4 *E. D. Smith,* 54; *Choteaux v Luce,* 18 *Penn.,* 224.

3. It is submitted that the rule of damages is the difference between the price to which the agent is limited and the price for which he actually sold. *Sedgw. Dam.,* 344; *Blot v. Boiceau,* 1 *Sandf.,* 111; *Allen v. Snydam,* 20 *Wend.,* 321; *Guy v. Oakley,* 13 *Johns.,* 333; *Stevens v. Low,* 2 *Hill,* 132.

4. The value placed upon the goods by the principals

at the time they gave their instructions to the agent must be, *prima facie*, regarded as the actual value of the flour; and to do away with the *prima facie* case thus made, the agent "should be required to give strong proof for the purpose of showing the market value to be less than the instruction price."

If the instructions were disobeyed and injury resulted, the loss is to be *prima facie* ascribed to the disobedience of orders; and in the absence of conflicting proof, the *prima facie* evidence is conclusive. *Sedgw.*, 346; *et seq.*; *Snydam v. Allen*, 20 *Wend.*, 321; *Brown v. Arott*, 6 *Watts & Serg.*, 402; *S. C.*, 6 *Whar.*, 9; *Harvey v. Turner*, 4 *Rawle*, 229; *Blot v. Boiceau*, 3 *Comst.*, 78; *Stevens v. Low*, 2 *Hill*, 132.

5. The judge who tried this cause fully complied with the requirements of section 291, Civil Code; and it is submitted that the only question that can arise is, do the conclusions of fact support the conclusions of law? A party can not request the court to find certain conclusions of facts, and then except to the refusal to do so. In this case the defendant asks the court to find a series of so-called conclusions of fact, which the court refuses to do, and the defendant then excepts generally. And if any one of them is such that the court would be justified in refusing to incorporate it in the findings, the court was right in overruling the request for findings as presented in that shape. Many of them are in the shape of evidence instead of conclusions of fact, especially the second, third, fourth, fifth and sixth. All that is material to the case is covered by the findings of the court.

6. It is insisted that the court erred in making also a general finding. If there is a general finding, there is no error in making it. It of course would be controlled by the special findings.

7. It has been held under section 176 New York code, similar to section 147 of the Kansas code, that the omission to file a decision in writing may be disregarded where, not-

withstanding such irregularities, the action was properly decided. *Lewis v. Jones,* 13 *Abbott Pr.,* 427 ; *Voorhies' Code,* 485.

*By the Court,* SAFFORD, J. ·

The decision of the court below is reversed and a new trial ordered.