## A. J. JENNINGS v. JOSEPH WEST.

1. CORN—*Possession by Purchaser.* On a sale of corn at auction for cash, the purchaser is not entitled to the possession thereof till the price is paid or tendered.

2. TITLE, *Not Vested in Purchaser.* Where a purchaser buys a crib of corn, the tender of a part of the full price thereof is insufficient to vest the title in him.

*Error from Douglas District Court.*

THE opinion states the case.    Judgment for defendant *West*, at the February term, 1887.    The plaintiff *Jennings* brings the case to this court.

*Barker & Summerfield,* for plaintiff in error.

*Riggs & Nevison,* for defendant in error.

Opinion by HOLT, C.: Joseph West, defendant in error, was the owner of a farm in Douglas county, occupied by a tenant.    He advertised an auction sale of part of the products of the farm, with other property; in the notice of sale he stated that he would sell 800 bushels of corn in the crib, and also stated that the corn and oats were to be sold for cash. West did not know of his own knowledge how much corn was in the crib on the place; his tenant told him the quantity.    At the sale there was a discussion about the amount of corn in the crib, and various estimates were made of its amount; the auctioneer in offering it for sale made the statement that for $25 he would guarantee that there were 650 bushels, but offered 100 bushels thereof, giving the buyer the privilege of taking the entire amount if he wished to at the same price.    The

first 100 bushels were bid off by Jennings, who notified the auctioneer that he would take all the corn in the crib. The money was not paid that day, but some time afterward plaintiff and defendant measured the crib and found it contained 315 bushels of corn. Plaintiff wished to take that amount as part of the 800 bushels he claimed he had purchased; defendant agreed to deliver him the corn in the crib as the corn purchased, but declined to be held responsible for any greater amount; plaintiff then offered him $45 in gold as a tender for the corn in the crib, which defendant refused; Jennings then brought his action for damages, and upon the trial a judgment was rendered by the court in favor of defendant.

The judgment of the district court is correct. It is evident from the findings made by the court that only the corn in the crib was sold, and the plaintiff had no claim for any greater amount. Defendant was at all times ready to deliver it as the amount purchased by plaintiff, while he was willing to take it only as a part of the larger amount he claimed to have purchased. By the terms of the auction sale the corn was to be sold for cash. The plaintiff did not tender or pay, or offer to fulfill his part of the contract, before he brought his action; this he should have done, but instead of full payment he tendered $45 as the price of the corn; the purchase-price in full was $66.15. The tender of a part of the purchase-price did not authorize him to take away any of the corn; it remained the property of defendant for the purpose of securing the price to be paid. The sale, otherwise complete, lacked this one condition: payment should have been made or tendered in full before the plaintiff would have been entitled to the possession of the corn; this was not done, and the failure is fatal to plaintiff's action. (*Adams v. O'Connor*, 100 Mass. 515; *Lowry v. Stewart*, 5 Kas. 663; *Michigan Cent. Rly. Co. v. Phillips*, 60 Ill. 190; *Wabash Elevator Co. v. National Bank*, 23 Ohio St. 311; Benj. Sales, § 319.)

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.