## THE TOWN OF LOUISIANA vs. HARDIN.

The 6th section of the act incorporating the town of Louisiana, which provides that "the recorder shall have power in a summary manner to hear and determine all cases involving a violation of the ordinances of said town," &c., alters the general law concerning towns, and gives the recorder exclusive jurisdiction in such cases.

## ERROR to Pike Circuit Court.

McBRIDE, J., *delivered the opinion of the Court.*

The Corporation of Louisiana brought an action of debt before a justice of the peace, against William C. Hardin, for a violation of an ordinance passed by the board of trustees, entitled "An ordinance to define and prohibit certain nuisances," &c. The Corporation having failed to appear and prosecute, judgment by default was rendered against her, from which an appeal was taken to the circuit court, where the defendant, Hardin, filed his motion to dismiss the case, for the reason that the justice of the peace had no jurisdiction, and because there are different and distinct charges contained in the same complaint against the defendant.

The Circuit Court sustained the motion and dismissed the case, to which opinion the corporation excepted and has brought the case to this Court by writ of error.

The only question raised in this Court is, had the justice of the peace

jurisdiction of the case?    The first section of the act incorporating the town, (Sess. acts 1846–7, p. 147,) confers the same powers, privileges, &c., on the inhabitants of the town of Louisiana, as are granted by the general act for the incorporation of towns, (R. C. 1845, p. 1047,) "except so far as the same may be altered or amended by the provisions of this act." By the 12th section of the general law, it is provided, that "all fines, &c., accruing to such town, may be recovered by action of debt, in the name of the corporation, before any justice of the peace," &c. By the 5th section of the special act above referred to, provision is made for the election of a Recorder, and by the sixth section his duties are defined; he "shall have power to hear and determine, in a summary manner, all cases or complaints involving a violation of the ordinances of said town," &c. Does this latter provision give the Recorder concurrent jurisdiction with justices of the peace, or exclusive jurisdiction in cases involving a violation of the ordinances of the town? The justices of the peace have, under the general law, jurisdiction of violations of the ordinances of incorporated towns, and the general law is incorporated in the special act, "except so far as the same may be altered or amended by the provisions of the special act."

Taking the two acts together, we are of opinion that the Recorder is substituted, by the special act, for the justice of the peace under the general act, and that so far the general act is "altered." There is no reason to suppose, that the General Assembly intended to give the Recorder concurrent jurisdiction with justices of the peace; the statute is silent on the subject. Nor can any necessity exist, requiring the creation of another judicial officer, to enforce the ordinances of a small town, when there are already four justices of the peace in office, delegated with all the necessary powers. But there may be a propriety in creating the office of Recorder, the incumbent to be an officer of the corporation, elected by the inhabitants thereof, and amenable to them for the faithful discharge of his duties, and whose especial duty it is made to enforce the ordinances of the corporation.

Therefore, the judgment of the Circuit Court ought to be affirmed, and the other Judges concurring, the same is affirmed.