CHRISMAN et al. vs. ROGERS, adm'r.

1. DEMURRER.

In an action on a bond the question as to whether it was the bond of the party sued, whose signature appears upon it, cannot be raised by demur-rer.

Chrisman et al vs. Rogers, adm'r.

2. ATTACHMENT: *Surety on discharging bond, liability of.*

Where an attachment is discharged upon the execution of a bond by the defendant, who afterward appeals, with supersedeas, from a judgment rendered against him in the cause, and judgment is rendered in the appellate tribunal against him and the sureties on his appeal bond, the plaintiff has his election either to proceed by execution under the judgment against the defendant and the sureties on the appeal bond, or to sue the surety on the original discharging bond.

3. PRACTICE: *As to reducing to writing the finding of the court.*

The provisions of the Constitution of 1868 and of the Civil Code, requiring a judge who tries an issue of fact, to reduce his findings to writing, does not apply where the action was on a bond and judgment for plaintiff on demurrer.

APPEAL from *White* Circuit Court.

Hon. JOHN WHYTOCK, Circuit Judge.

*Benjamin & Barnes* for appellant.

The judgment upon the appeal bond in the Circuit Court was an extinguishment of the bond given in the attachment before the justice, and released all liens given by the judgment of the justice. See *Briscoe* v. *Sandefur et al.,* 14 Ark., 569; *Phillips et al.* v. *Wills, Pease & Co.,* ib., 595; *Dougherty* v. *McDonald,* ib. 597: *Rector* v. *Harris, Norton & Co.,* 19 Ark., 265; *Neele* v. *Jeter,* 20 Ark., 98.

The court should have reduced the finding to writing. Const. of 1868, art. 11, sec. 7.

The judgment is excessive. It should at most have been for judgment, interest and costs before the justice.

*J. M. Moore,* for appellee.

The liability of appellant on his bond in attachment accrued and became fixed by the judgment before the justice. It was not collateral, and remains positive until satisfied. The judgment was not reversed. *Lincoln* v. *Beebe,* 11 Ark., 700.

Damages asked on affirmance here. Gantt's Digest, sec. 1096.

The justice had jurisdiction, as it was a contract. Const. 1868, art. 7.

WALKER, J.:

Rogers, as administrator, brought suit by attachment against Thomas J. Glasscock, before a justice of the peace, upon a note. of $118.18. A writ of attachment issued, and was levied on the property of Glasscock, and personal service was made upon Glasscock, who, for the purpose of dissolving the attachment and releasing his property, executed bond to the plaintiff, with Francis M. Chrisman, Robert I. Glasscock and William Hicks as sureties, in the penal sum of $332, conditioned that if the defendant should answer the plaintiff's demand, and pay and satisfy such judgment as should be rendered against him in this suit, the bond should be void.

At the hearing of the case before the justice, judgment was rendered in favor of the plaintiff, from which the defendant appealed to the Circuit Court, and entered into bond with security that he would prosecute his appeal to effect.

Upon the trial of the appeal in the Circuit Court, judgment was rendered against the plaintiff for costs, from which he appealed to the Supreme Court, where the judgment of the Circuit Court was reversed, and, upon a second trial in the Circuit Court, judgment was rendered in favor of the plaintiff against Glasscock and his securities in the appeal bond for his debt, interest and costs.

Without suing out execution, or having satisfaction of the judgment, the plaintiff has brought this action upon the bond given in the attachment suit against Glasscock and his securities on that bond.

The defendant filed a demurrer to the declaration, which was by the court overruled; the defendant rested on this demurrer. Judgment was rendered. The court assessed damages and rendered final judgment for the amount assessed.

The defendant appealed.

*Vol. xxx.—23.*

No exceptions were taken, nor was there a motion for a new trial.

The sufficiency of the declaration presents the first question for our consideration.

The action was for debt upon a bond for $332, a sum over which the Circuit Court and justice of the peace have concurrent juridiction under the Constitution of 1868, and the ground of demurrer for this reason was not well taken.

The second cause assigned presents no ground of demurrer, because the bond sued upon imports validity upon its face, and the question as to whether it was or not the bond of the party could only be reached by plea.

The third ground of demurrer assumed that the rendition of the judgment against the securities upon the official bond operated as a discharge of the party to the attachment bond.

And, in support of this position, we are referred to several of our former decisions, which hold that a judgment upon a delivery bond operates as a discharge of the original judgment. These decisions will be found to have been made under the provisions of the 2666th section Gantt's Digest, which declares that stay bonds shall have the force and effect of a judgment, and becomes the substitution of a new judgment, with additional security, for the old one. But the judgment rendered in the Circuit Court in this case was under the 3839th section Gantt's Digest, which declares that when, upon appeal, the judgment of the justice is affirmed, judgment shall be taken against the principal debtor and his securities on the appeal bond. It is true there is no averment in the declaration that an execution has been issued on this judgment, and returned no property found, but it is distinctly averred that nothing has been paid upon it, either by the principal debtor or his securities on the appeal bond, nor had it been paid by the principal or his securities in the attachment

bond. True the plaintiff is entitled to but one satisfaction of his debt, but he avers that he has had none.

The defendants insist that plaintiff should pursue his remedy upon his judgment in the Circuit Court by execution. Our former decisions have settled the law to be different. In the case of *Lincoln* v. *Beebe*, 11 Ark., 697, it was held that the liability of the surety in the attachment bond attaches on the rendition of the judgment against the defendant in the attachment suit, and that they may be sued upon the bond without first issuing execution upon the judgment against the principal debtor.

There defendants bound themselves " to pay off and satisfy such judgment as should be rendered against the defendant in the attachment suit." The declaration set forth the whole of the proceedings to final judgment in favor of plaintiff, and avers that such judgment has not been paid.

We think the plaintiff most clearly had his election of remedy, to sue out execution upon his judgment or to sue upon the attachment bond. The demurrer was properly overruled.

It is contended by counsel that it was error in the court below who assessed the damages in the case, to do so without having reduced to writing its finding upon the facts of the case, as required by the Constitution and Code practice.

Section 11, art. 7, of the Constitution ordains : " That if the trial is by the court, the judge shall reduce to writing his finding upon the facts in the case," and by the Code practice, sec. 365, it is provided that upon trials of questions of fact by the court, he shall state in writing the conclusions of fact found, separately from the conclusions of law.

These provisions of the Constitution and of the Code are clear, and beyond doubt require that they should be complied with. They required of the judge, who assumed to perform the duties of the jury, to weigh the evidence and state the conclusions of

fact found by him ; to reduce such finding to writing, together with his rulings of the law applicable to it. They presuppose the existence of an issue of fact, to be determined upon principles of law, as applicable to the state of facts found. The finding is in the nature of a special verdict, by which, under the law applicable to them the court is enabled to render its decision. But in cases like the one before us, in which there is no issue of fact to be tried, when all the facts are admitted to be true by the demurrer of the defendant, which was overruled, and upon which he rested his case, they are to be considered as true to the full extent that they would upon a special verdict.

Judgment went for the plaintiff upon demurrer, the court had nothing to do but to assess the damages, with regard to which no evidence was necessary. The suit was in debt upon a bond conditioned that if judgment in an attachment suit should be rendered against the defendant in that suit, he and his securities (these defendants) would pay the judgment, damages and costs. The amount of each is set forth, with an averment that this judgment was recovered in that action; all of this is admitted to be true and confessed by the pleading. Nothing was left for the court to do but to add these sums together, add to them the interest due and render judgment for the amount. There was not even a necessity in this case for calling a jury to assess the damages.

In the case of *Witt et al.* v. *State,* 14 Ark., 73, Judge Watkins, who delivered the opinion of the court, reviewed several of our former decisions, in which suits were brought on bonds conditioned for the *performance of some act or duty other than the payment of money,* and such as were conditioned for the payment of money, and said, "where the condition is for the payment of money, and the amount to be paid is ascertained, or, is ascertainable, by computation, from the face of the instrument, the court

may, on a judgment by default, or on demurrer, assess the damages without calling a jury to inquire into the truth of the breaches, and assess the damages."

In the case of *Blakely* v. *Marks*, 15 Abbott, 454, it was held that on a money demand, when the amount and interest is admitted, and a special verdict establishes the defendant's liability, an assessment of the amount of money by a jury is unnecessary.

In the case of *Farrar* v. *Leyon*, 19 Mo., 123, Mr. Justice Gamble, who delivered the opinion of the court, remarked that where there are no facts proven upon which a party relies to maintain the issue on his part, it is clear that the court can do no more than find the issue in its own terms in the affirmative or negative as it may be framed. When it becomes a question of law, whether the facts proven maintain the issue, then it would seem proper that the facts proven should be specially found.  *  *  * "This finding of facts by the court when trying a cause is evidently required for the benefit of the parties litigating, and where there is really a dispute between them as to the facts found, it is but giving effect to the Code, to say that the court should in such cases find the facts upon which either party claims that the issue is maintained on his part."

This view as to the object and the necessity of having the facts of the case, when submitted to the court, reduced to writing, meets our approval, it was for the benefit of parties litigant. When there is a contest between them as to the effect which the law gives to the facts found, and it is only in cases where there is an issue of facts to be found between the parties that it was intended by the framers of the Code Practice that this special finding of the facts should be reduced to writing, and when there is no such issue, no facts to be proven, then there is nothing upon which to have a special finding, and no necessity for stating the rulings of the court upon the questions of law that

may arise, because, there are no facts which call them forth, or to which they can apply.

The language of the Code is that upon trials of questions of fact the court shall state its conclusions in writing, and at section 335 defines an issue of facts to be, such as arises upon a material allegation in the complaint, denied by the answer.

All the cases in which it is held that the judge shall reduce to writing his finding of the facts, are such as have been fonnd, and in regard to which evidence might be introduced.

We have two decisions of our own court, neither of which was decided upon a state of case like this.

In *Apperson* v. *Stewart*, 27 Ark., 619, the finding of facts was reduced to writing, and filed after trial, and it was held that this was a substantial compliance with Code.

In *Simpson* v. *Simpson*, 25 Ark., 458, it was held that the Code practice in this respect applied to suits at law, not in chancery.

In this case under consideration, so far as appears of record, the finding of the court was not reduced to writing, no issue was found, no evidence introduced to sustain it. The several decisions referred to by counsel in 11 Mo., 552, and 19 Mo., 122, 2 Cal., 474, as well as some others, will sustain the position assumed by them, that in all cases in which an issue of fact is submitted to the court sitting as a jury, the judge who presides, and hears the evidence, must reduce to writing his conclusions of fact, and also his ruling of the law applicable to the state of case, and that a failure or neglect to do so is error.

In cases where no issue is formed, as in case of judgment by default, or upon demurrer, the facts being confessed, there is no necessity for reducing to writing the facts found ; indeed there is, under such state of case, no facts to find, and it is no ground of objection that such statement has not been made.

It is also contended by counsel that the damages were excessive. This may be true. The difference between the amount claimed in the declaration to be due, for debt, damages and costs, may be, and probably are for a few dollars less than the sum found to be due.

But, as no motion was made for a new trial, and no facts properly brought before us for consideration, such excess (if it in fact exists) we cannot consider.

Finding no error in the judgment of the court below, let the same in all things be affirmed.