WINGATE, Respondent, v. BROOKS, Appellant.

Where a replevin bond substantially conforms to the act, and no variation is pointed out, the assignees of the defendants can maintain an action upon it.

APPEAL from the Sixth Judicial District, for Sacramento County.

This action was brought upon a replevin bond, taken by the sheriff of the county, and by him duly assigned to the plaintiff.

After plaintiff had rested his case, the defendant, by his counsel, moved for a nonsuit, on the ground "that the bond is made payable to the sheriff, and not to the plaintiff; that it is not a statute bond, and is not assignable."

Two other grounds of nonsuit were alleged, which were not considered, for the reasons stated in the opinion of the court.

*Latham* and *Morison*, for appellant,

Referred to Statutes of California, 2 Session, p. 65, sect. 102; 6 Barb. Rep. 173; 4 Wend. Rep. 616; 2 Mass. 517.

*Winans*, for respondent.

A bond, though taken to the sheriff as such, may be assigned by him to the creditor, who may maintain a suit thereon. 1 Munf. 76; Stat. California, 1850, ch. 121, sec. 2.

The blank endorsement and delivery of a bond gives the assignee the right to sue upon it in the assignor's name, and (under our statute) in his own name. 3 Gill. & Johns, 214; Cal. Statutes, 1850, ch. 5, title 1, sec. 4, p. 51; 1 Paige, 41.

Replevin bond may be assigned to a third person. 5 Lith. 289 (Kentucky).

HEYDENFELDT, Justice, delivered the opinion of the court, WELLS, Justice, concurring.

This was an action on a statute bond, given to the sheriff, and by him assigned to the plaintiff.

At the time, the defendant moved for a nonsuit, which was refused, and the refusal is here assigned for error.

I think the nonsuit was properly refused. The first ground

for the motion is not well taken. The bond seems to me substantially to conform to the requisitions of the act, and no variation has been pointed out.

The succeeding grounds are based upon the action of the court in the case in which the bond was given. The errors of that case, if any, cannot be reviewed in this.

The judgment is affirmed, with ten per cent. damages and costs.