Farrar v. Lyon.

---

FARRAR, Respondent, vs. LYON, Appellant.

. A court trying a case without a jury should find all the facts upon the legal effect of which there is really a dispute between the parties. Thus, where a defendant, who was sued upon a note and pleaded payment, gave evidence of certain facts, which he claimed amounted to payment, *it was held*, a general finding that the defendant was indebted to the plaintiff, *was* not sufficient.

*Appeal from St. Louis Court of Common Pleas.*

*Frémon & Reber*, for appellant.
*C. C. Whittelsey*, for respondent.

GAMBLE, Judge, delivered the opinion of the court.

Farrar sued Lyon upon a negotiable promissory note. Lyon answered that he paid the note to the agent of the plaintiff, who then had the note in his possession. The court tried the cause without a jury, and rendered a general verdict for the plaintiff, and then found that the defendant was indebted to the plaintiff in a sum stated. There is no decision of the court, except as it appears in the entry of the verdict and judgment. There is no finding of the issue of payment, except as it is argumentatively involved in finding that the defendant is indebted to the plaintiff. The same finding would be just as good a finding in a case where, in the answer, the defendant set up several different defences to a note, as fraud, duress, want of consideration, &c. ; for such finding, in such case, would be just as full a finding that the defences were not sustained by the evidence as it is in the present case. Yet, if in such case there was a real controversy between the parties upon the defences stated, it is evident that a wide range would be open for the proof of facts, and many difficult questions of law might arise. In such case, it is evident that the real spirit of the code requires something more than a mere general verdict, even when the court arrives at the conclusion that the defences are not sustained ; for, upon such finding, there can be no review upon any other question of fact than the whole matter in issue upon the whole evidence. It is admitted that there are difficulties in establishing a correct practice in these cases of trial by the court without a jury. The finding of the court is, like a special verdict, to contain a finding of facts, not of evidence, and as the ultimate fact in controversy may be established by proof of circumstances, it would seem to be sufficient to find such fact, or to negative it in the language of the issue, without finding the facts upon which the parties rely for establishing or negativing its existence. Where there are no facts proved upon which a party relies to maintain the issue on his part, it is

clear that the court can do no more than find the issue in its own terms, in the affirmative or negative, as it may be framed. Where it becomes a question of law whether the facts proved maintain the issue, there it would seem proper that the facts proved should be specially found. An issue of payment may present such a case. When a person, indebted to another on several different accounts, makes a payment, it is a question of law as to how the payment shall be appropriated ; settled, it is true, by authority, but still it is a question of law. When we look into the present record, we see evidence that Hugh A. Garland was the holder of the note sued on, by endorsement from the payee for collection, and that he had in his hands money collected for the defendant, and that upon some inquiry, possibly not amounting to a demand, by the defendant, he claimed the right to retain the money in payment of the note. The defendant claimed that the facts in evidence amounted in law to a payment. In such case, it would seem but reasonable that the facts thus claimed to have such legal effect should be found by the court.

This finding of facts by the court, when trying a cause, is evidently required for the benefit of the parties litigating, and where there is really a dispute between them as to the effect which the law gives to the facts found, it is but giving effect to the code to say that the court should, in such case, find the facts upon which either party claims that the issue is maintained on his part, however clear the mind of the court may be on the question of law arising upon the facts proved.

In the present case, the issue of payment made by the parties is not found by the court, and the authority for finding a general verdict for one party or the other, which is given to juries, is not intended for courts.

The judgment is reversed, and the cause remanded, with the concurrence of the other judges.