WALSH *et al.*, Defendants in Error, *vs.* EDMONSON'S EXECUTOR, Plaintiff in Error.

1. A finding of facts is necessary on the trial by a circuit court of a cause appealed from a county or probate court.

### *Error to St. Louis Circuit Court.*

Walsh and others presented to the Probate Court, for allowance, a demand against the estate of B. B. Edmonson, deceased, for an amount assessed to him upon the adjustment of a general average, for loss and damage to the steamboat Marshal Ney and cargo. The demand being allowed in the Probate Court, the executor appealed to the Circuit Court, where, on a trial by the court without a jury, judgment was again given for the plaintiffs. The court did not find the facts, as required by the new practice act. The case is brought to this court by writ of error.

*T. T. Gantt*, for plaintiff in error.
*Haight & Shepley*, for defendant in error.

GAMBLE, Judge. We have already held, in *Boyle et al.* v. *Skinner*, decided at the present term, that the provision of the code which requires the court, when trying a case without a

jury, to make a decison in writing, stating first the facts and then the conclusions of law thereon, does not apply to a case pending in a court by appeal from a justice of the peace. That decision is founded upon the 6th section, article 30, of the code, which declares that the act shall not apply to proceedings or actions before justices of the peace. The present case is an appeal from the Probate Court, tried by the Circuit Court without a jury, and in which, no decision was given in conformity with the code by finding the facts. In relation to such cases, the rule of the code must be followed. The judgment will therefore, for want of such finding, be reversed, and the cause remanded.