24 343
49a 405

ALLISON, Defendant in Error, v. DARTON, Plaintiff in Error.

1. A finding of facts by a court, to authorize a judgment, must be a finding of the facts put in issue.

Allison v. Darton.

*Error to Jackson Circuit Court.*

*Hovey*, for plaintiff in error.

I. The court below did not find facts which constitute a wrongful detainer, but assert the legal conclusion that " defendant wrongfully detained said pony." There is no finding of the *facts*. (See Practice Act, 1849, art. 15, sec. 2.)

II. The finding shows a total failure of proof of the charging part of the petition, and then makes a new case for the plaintiff below, of which defendant below had no notice. (See Link v. Vaughn, 17 Mo. 585; Beck v. Berrara, 19 Mo. 30; Egert v. Wickee, 10 How. Prac. R. 193.)

III. Where the original taking is not found to be unlawful, a demand and refusal must be found in order to constitute an unlawful or wrongful detainer. (See 2 Starkie on Ev. 839.)

*Napton*, for defendant in error.

I. The petition, in averring that defendant has not returned the same, although often requested so to do, is substantially an averment of a wrongful detainer, and the affidavit is in exact accordance with the statute. The finding of the court is responsive to this allegation, and the allegation of wrongful taking is altogether immaterial.

II. If the cause of action is held to be imperfectly or inartificially stated, the verdict cures the defects upon the presumption that the court or jury found all the facts essential to maintain the action. This could not be so if no cause of action at all was stated; but here is a good cause of action—the wrongful detainer, and the plaintiff's right of property and possession.

III. The facts charged in the petition are found, to-wit, that plaintiff was the owner and entitled to possession, and that defendant was in possession, and that his possession was wrongful. No greater degree of detail is requisite in the finding of a court than in the averments of a petition.

RYLAND, Judge, delivered the opinion of the court.

This was an action brought by Allison against Darton in the Circuit Court of Jackson county to recover a pony. The

plaintiff in his petition alleged that on the 6th day of January, A. D. 1855, at the county of Jackson, the defendant, without leave, wrongfully took the following property of the plaintiff, and has not returned the same, although often requested so to do, that is to say, one white stud pony, four years old last spring ; by which the plaintiff says he is damaged in the sum of sixty dollars, and asks judgment that said pony be delivered up to him by said defendant, and such other relief, &c.

The defendant appeared and filed his answer, denying that he took the pony without leave wrongfully, and denies that plaintiff is damaged to any amount whatever. He states that some time in November, A. D. 1854, one Thomas Leonard sent the white stud pony in controversy, with a lot of other ponies, to the house and farm of the defendant, to be kept, fed, and taken care of, and to be paid for what the same was reasonably worth ; that defendant took charge and possession of the pony in question, together with the others, and kept, fed, and took care of, and remained in possession of the said white stud pony from the 3d day of November, A. D. 1854, until about the 9th day of January, A. D. 1855, at which time the pony was taken out of his possession by the sheriff of Jackson county, by virtue of the order and writ in this action. He stated that the keeping of said pony was reasonably worth the sum of thirteen dollars and sixty cents ; and that the same had not been paid, or any part thereof, but was still due to him. So that in fact he says that he was and is entitled to the possession of same white stud pony by reason of his lien on him for his said keeping, feeding, and taking care of him ; and prays judgment, &c.

The cause was tried by the court without a jury, and the following is the finding of the facts by the court: "That before and at the time of the institution of this suit, plaintiff was the owner of, and entitled to the possession of the white stud pony in the plaintiff's petition described and sued for ; and that defendant, before and at the time of the commencement of this suit, was in possession of said pony, and wrongfully detained

said pony from plaintiff; and the court thereupon declares the law to be for plaintiff, and accordingly finds for plaintiff. The defendant moved in arrest of judgment, which being overruled, he excepted, and brings the case here by writ of error.

The plaintiff in error contends that the finding of the facts in the case by the court is not sufficient to warrant the judgment. In the opinion of this court, this objection is well taken. The plaintiff in his petition charges an unlawful taking, and that defendant still detains the property. The defence is a denial of the wrongful taking, and a delivery lawfully to the defendant, and that he has a lien upon the property for the keeping and feeding of it. The finding is that defendant did wrongfully detain the property. This is not a sufficient finding of the issue. The court says nothing about the wrongful taking—nothing about the feeding and taking care of the pony by the defendant, and the lien therefor. This can scarcely be considered a finding of facts. The facts in issue should have been found, and not a conclusion of law. ( Bates v. Bower, 17 Mo. 550 ; Farrar v. Lyon, 19 Mo. 122 ; Walsh v. Edmonson's Ex'r, 19 Mo. 142 ; Javens v. Harris, 20 Mo. 262.) Where there is not a sufficient finding of facts to authorize the judgment, this court will reverse. The facts put in issue should be found—not the evidence nor conclusions of law.

This judgment must be reversed. The other judges concurring, it is reversed, and cause remanded.