*G. V. N. Lothrop & H. J. Beakes,* for respondent.

## James B. Lee v. Daniel Marsh et al.

*Trials by Court: Omission to make finding when requested : Error.* Under Circuit
Court Rule 87, when a case is tried by the Court, a party has the right be-
fore judgment, to demand in writing, that the Court should make a special
finding upon questions of law arising in the cause.

When the record shows that such finding has been required by a proper
demand and no special finding whatever has .been made, it is error, and a
judgment rendered against the party making such demand will be reversed.

*Heard and decided July 7.*

Error to Livingston Circuit.

This was an action of ejectment. The case was tried without a jury. During the trial, no exceptions whatever

were taken, but at the close of the evidence, the defendant below requested the Court to make a special finding upon certain propositions of law, which he stated.

The Court, at a subsequent term, declared orally that the plaintiffs should recover, whereupon judgment was entered in the usual form for the plaintiffs. No written finding was made by the Court other than the judgment; no steps were taken by the defendant, under Circuit Court Rules 87, 88, 89 to obtain any further finding and no exceptions were taken to the judgment.

A paper purporting to be a bill of exceptions, embodying the evidence as it appeared on the trial, was signed by the Court and case was removed by writ of error.

*Norris & Uhl,* for plaintiff in error.

*Wm. Jennison,* for defendants in error, cited Circuit Rules 87, 88, 89.

PER CURIAM.

The record in this case shows, that on the trial, the counsel for the defendant made demand, in accordance with the statute, that the Circuit Judge should make a special finding upon certain law points, which were enumerated by the counsel in making his demand, and which would necessarily require of the Judge, that he should make such a finding of facts as would properly present the law points. By this demand, he became entitled of right to have such a finding, and it was error in the Court not to make it.

It is objected, however, that the defendant below did not put himself in position to complain of this error, inasmuch as no exception was taken to the action of the Court. But it is apparent that, if this error can only be examined on exceptions, it will be impossible for the party complaining of it to take advantage of it at all. The error is not committed until a final judgment is entered without such

a finding; but an exception, if requisite, it would seem should precede the judgment and be based upon a refusal of the Court to make the finding requested. It would seem therefore, that the party has had no opportunity to except until it is too late. But conceding that exceptions at the time the judgment is entered would not be too late, practically the party is precluded from taking them in these cases, from the fact that he is not required or expected to be necessarily present when the judge decides the cause. When the cause is submitted to the Judge sitting in place of a jury, the counsel has discharged his duty when he has argued the case and made his demand for a finding in due form. He is under no obligation to be present at his peril at all times thereafter, lest the Judge may enter judgment in his absence, and thereby deprive him of legal rights. He has a right to repose upon the legal presumption that the Judge will comply with the statute and make the proper finding. The law will not require of a party to do that which is practically impossible in order to protect himself in this right. Where the record shows that a special finding has been required by a proper demand, and no special finding whatever has been made, we think we have no alternative but to reverse a judgment and order a new trial.

Ordered accordingly.