## Daniel Howerter v. Joseph Kelly.

*Writs, how tested.* Where a vacancy has occurred in the office of circuit judge, by the death of the former incumbent of such office, and the governor, under act No. 98 of the session laws of 1869, has designated the circuit judge of another circuit to hold the terms in said vacant circuit, and has notified the clerk of the court in said vacant circuit thereof, process should properly be tested in the name of the circuit judge so designated, and no acceptance by him is necessary.

*Special finding under circuit court rule 87.* Where a request in writing for a special finding under circuit court rule No. 87 is filed in a cause tried by the court without a jury, the failure of the circuit judge to make such finding is error.

*Heard and decided July 13.*

Case made after judgment from Berrien Circuit.

.This was an action of replevin, brought by Howerter against Kelly, to recover a horse and harness. The writ was dated September 30, 1869, and was tested in the name of Charles Upson, circuit judge of the 15th judicial circuit.

A vacancy had been occasioned in the office of the circuit judge of the second judicial circuit, which included the county of Berrien, caused by the death, September 9, 1869, of Nathaniel Bacon, circuit judge. The governor, being duly informed of such vacancy, had designated the aforesaid Charles Upson, circuit judge of the 15th judicial circuit, to hold terms in said Berrien county, under the provisions of act No. 98 of the session laws of 1869. The clerk of said court had been notified by the governor of such designation, but had, at the date of the said writ, received no notice of any acceptance by Judge Upson, or of any countermand or withdrawal of said designation.

Another judge having been afterwards elected to fill said vacancy, a motion was made, on behalf of the defendant, to dismiss and quash the writ and proceedings in said cause, because the said writ was irregular and void: 1. Because the said writ was not properly tested. 2. Because said writ was

28 MICH.—43.

not tested in the name of the true judge of this circuit, or in the name of the supreme justice or any associate justice of the supreme court. 3. Because said writ was not tested as required by law. This motion was granted, and the defendant having elected in open court to waive the return of the property, it was ordered and adjudged that the defendant recover judgment for the value of the same, to be assessed according to the practice of said court.

Subsequently, on March 7, 1871, the circuit judge proceeded, against the objection of the plaintiff, to the assessment of the value of said property, without a jury. After hearing the evidence and remarks of counsel, the court announced its judgment that said defendant do recover of said plaintiff his damages assessed at the sum of one hundred and two dollars and forty-two cents, and thereupon, on the same day, the attorney for plaintiff filed with the court the following paper entitled in said cause, viz: "Now comes said plaintiff, Daniel Howerter, by Edward Bacon, his attorney, and under rule 87 of this court, and otherwise, requests the court to find the facts as well as the law of, and concerning, all the matters in this case; and he doth further request the court to embody all such facts and all such law in the finding of the court, and that such finding be filed in this court with the clerk of this court." Judgment was rendered accordingly on said 7th day of March, 1871, no finding in answer to the aforesaid request having ever been made.

*Edward Bacon*, for plaintiff, was stopped by the court.

*F. Muzzy*, for defendant.

THE COURT held that when a request in writing for a special finding is filed in such a cause, the circuit judge must

HOWERTER *v.* KELLY.

make such finding, and his failure so to do is error; and that the writ was properly tested in the name of Judge Upson.

Judgment reversed and the case remanded to the court below for further proceedings.