## THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. J. W. FERRY.

SEPARATE FINDINGS OF FACT, AND OF LAW, *When Error Not to Make.* Where a case was tried before the court without a jury, and before any evidence was introduced, the defendant in open court requested the court to state in writing its conclusions of law separately from its conclusions of fact, and also at the conclusion of the evidence renewed such request; "to which request the court responded that it would pass and find upon any findings of fact which the counsel for the defendant might prepare and submit to it, but that it would not take the time from the business of the court to perform the clerical labor of drawing up questions to be answered. Thereupon the counsel for the defendant stated that they would not prepare or submit any findings of fact to the court for it to pass or find upon, but that they demanded of the court that it should state in writing its conclusions of fact separately from its conclusions of law, which request the court refused to comply with," and the court found generally in favor of the plaintiff and against the defendant, and rendered judgment accordingly. *Held,* That the court erred in refusing the defendant's request to state in writing its conclusions of law separately from its conclusions of fact.

### *Error from Chase District Court.*

AT the December Term, 1881, of the district court, plaintiff *Ferry* recovered a certain judgment against the defendant *Railroad Company,* which brings the case here. The nature of the action, and the facts, appear in the opinion.

*Geo. R. Peck, C. N. Sterry,* and *W. C. Campbell,* for plaintiff in error.

*A. W. Harris, Wood & Cochran,* and *Peyton, Sanders & Peyton,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by J. W. Ferry against the Atchison, Topeka & Santa Fé railroad company, before a justice of the peace of Chase county, for damages alleged to have been caused through the negligence of the railroad company to a car-load of potatoes and

cabbages. The plaintiff alleged in his bill of particulars that he entered into a contract with the defendant as a common carrier, by which it agreed to and did carry said potatoes and cabbages from Chicago, Illinois, to Cottonwood station, Chase county, Kansas; but that said potatoes and cabbages, by reason of the negligence of the defendant in carrying them, and in not giving plaintiff due notice of their arrival at said station, were injured and damaged. Judgment was taken against the railroad company by default, and it duly appealed to the district court, where the case was tried *de novo* by the court without a jury, and judgment was again rendered against the defendant, for $269.90. The defendant now brings the case to this court for review.

The first assignment of error in this court is, that the court below refused to make special findings, and refused to state its conclusions of fact found, separately from its conclusions of law.

It appears from the record in the case that at the trial of the case before the court below, before any evidence was introduced, the defendant, in open court, requested the court to state in writing its conclusions of law, separately from its conclusions of fact. It also appears that defendant again, at the conclusion of the evidence, renewed its request to the court.

To which request the court responded, "That it would pass and find upon any findings of fact which the counsel for the defendant might prepare and submit to it, but that it would not take the time from the business of the court to perform the clerical labor of drawing up questions to be answered. Thereupon the counsel for the defendant stated that they would not prepare or submit any findings of fact to the court for it to pass or find upon, but that they demanded of the court that it should state in writing its conclusions of fact separately from its conclusions of law, which request the court refused to comply with; and to the refusal of the court to state in writing its conclusions of fact separately from its conclusions of law, the defendant at the time duly excepted;

and thereupon the court found generally in favor of the plaintiff upon all the issues, and found that the plaintiff was damaged in the sum of $373.90, and that he was indebted to the defendant on freight in the sum of $104, which, deducted from the amount due to the plaintiff, left a balance in his favor in the sum of $269.90, for which the court ordered judgment."

Did the court below err in refusing the request of the defendant below? This question, we think, must be answered in the affirmative. Section 290 of the code reads as follows:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request it with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law."

This section provides in substance, that in all cases tried by the court without a jury, if either party requests it, the court shall state in writing its conclusions of fact, separately from its conclusions of law; and there is not the slightest intimation in the section that the party making the request shall prepare for the court, or submit to it, any statements of fact or any propositions of law, with a view to having the court make findings thereon, or state conclusions with reference thereto. It does not appear however in this case, that the court below desired the defendant to prepare for it, or to submit to it, any questions of law for it to consider; but it was merely questions of fact which the court desired that the counsel should prepare and submit to it. It would often, of course, be very convenient to have the desired or anticipated conclusions of fact prepared for the court and submitted to it; but the statute does not seem to contemplate the necessity for any such thing. Besides, the facts upon which the court is to decide are always presented to the court in writing by the pleadings in the case, and it may generally be presumed that the facts are as well stated in the pleadings as

they could be stated anywhere else; and if so, it would hardly seem necessary to require the parties, or either of them, to restate the facts of their case when the case is finally submitted to the court for its final conclusions upon the pleadings and the evidence. Every pleading which states new matter should contain "a statement of the facts constituting the cause of action, [or defense,] in ordinary and concise language, and without repetition." Every other pleading amounts to nothing more than a mere denial of the facts previously set forth in the pleadings alleging new matter. The facts set forth and alleged in one pleading and denied by another, or considered denied, (as is the case with reference to facts set forth and alleged in the reply,) are the facts with reference to which the court should make its findings or conclusions of fact. These facts are often called the issuable facts, and the court should make special findings or conclusions with reference to them whenever either party so requests, and without either party being under the necessity of restating the facts, or stating them again in any other paper than in the pleadings. The fact that all the issuable facts, the facts upon which it is desired that the court shall make findings or conclusions, are once stated in the pleadings, renders it wholly unnecessary that such facts should be restated by the parties in some other paper. It is not uncommon however in practice, for the court to announce its decision orally before putting the same in writing, and then to permit the party in whose favor the court finds, to prepare the written and formal statement of the decision. But there is no necessity for even this, and no law requiring it.

We think this case has already been substantially decided by this court in other cases: *Briggs v. Eggan,* 17 Kas. 589, *et seq.,* and cases there cited; *Lowry v. Stewart,* 5 Kas. 663; *McCandliss v. Kelsey,* 16 Kas. 557. See also *Lee v. Marsh,* 19 Mich. 11; *Stancell v. Corning,* 21 Mich. 242; *Howerter v. Kelly,* 23 Mich. 337; *Hunt v. Patterson,* 38 Mich. 95; *C. & T. Rld. Co. v. Johnson,* 10 Ohio St. 591; *Levi v. Daniels,* 22 Ohio St. 38.

44—28 KAS.

In some states, like California and New York, it is made imperative upon the court to state its findings of fact and conclusions of law separately in all cases, without any request from either party; but in this state the court may find generally, unless such a request is made. But when a request *is* made, then the compliance with such request becomes imperative.

We think the court below erred in refusing the request of the defendant in this case; and for such error the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.