## ALEXANDER ET AL. V. THE STATE, USE LOWENSTEIN & BROS.

1. PRACTICE IN CIRCUIT COURT: *Declarations of law.*

   In trials before the court it is not necessary that the declarations of law should precede the finding of facts.

2. SHERIFFS AND CONSTABLES: *Liable for insufficient levy.*

   A constable to whom a writ of attachment for $350 was delivered was instructed by the plaintiff's attorney to levy on such goods as the debtor should designate, but to get enough to pay the debt. He levied upon goods designated, of the value, as he testified, of $700 at their cost price as represented to him by the debtor's clerk. When they were afterwards sold at public auction they brought only $90, though they had not depreciated in value since the levy. *Held,* that the great disparity between the debt and the proceeds of the sale, in the absence of proof of any depreciation since the levy, was evidence of carelessness and negligence in not making a sufficient levy, and that the constable and his sureties were liable to the plaintiffs for the amount of their debt.

3. FEES: *Non-prepayment, when no defense for official neglect.*

   An officer may refuse to execute civil process until his fees are paid or tendered; but if he accepts it and either expressly or tacitly assumes to execute it without demanding his fees, he must do so as promptly and faithfully as if they had been paid in advance.

APPEAL from *Jefferson* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*McCain & Crawford,* for appellants.

1. An officer must exercise a reasonable discretion in making a levy, and he is not liable for an inadequate levy unless his estimate in making such levy is so far from that which a prudent and discreet man would make as to render him liable from a presumption of negligence or a design to injure. *Lawson v. State. 10 Ark., 28 ; Freeman on Ex., sec. 253 ; 7 B. Mon., 298; 8 Wend., 46 ; 24 Am. Dec., sec. 46.*

2. No fees were paid or tendered to the officer, and he was not liable. *Acts 1874-5, p. 181, sec. 22.*

EAKIN, J.   This is an action by Lowenstein & Bros., in the name of the State, against Alexander, a constable, and his sureties upon his official bond.   The complaint sets forth that the plaintiffs had placed in Alexander's hands two attachments, issued by a justice of the peace against Mrs. C. Reinach, who it seems was a milliner and had a stock of goods; that he had failed to levy them upon sufficient goods when he might have done so; and that the remainder of her goods having been immediately afterwards attached by others, the debt was lost.   The amount claimed in the plaintiffs' attachments was about $350.  The goods attached, and afterwards sold by order of the court, brought in gross about $90, which the plaintiffs declined to receive, less expenses.

The answer set up, by way of defense only, that the constable was instructed by plaintiffs' attorney not to close up Mrs. Reinach's establishment, but to levy on such goods as she might designate; and that he simply followed instructions.

The cause was heard by the court without a jury, which rendered judgment for plaintiffs for the amount of the debt.   Defendants took a bill of exceptions and appealed.

The facts developed in evidence are substantially these: The attorney for plaintiffs in placing the writs of attachment in the constable's hands advised him that Mrs. Reinach might select the goods to be levied on, but told him to get enough; that he went to levy on them, and was referred by her to her clerk for their designation; that he obtained from the clerk information of the cost prices of the goods, and, guided by that, levied upon about $400 worth.  Upon reporting his action to the attorney, the latter expressed doubt of the sufficiency, whereupon the constable returned and added to the levy about $300 worth, all of which he took into possession.   In making the estimates

Alexander et al. v. The State, Use Lowenstein & Bros.

of value he applied cost prices. The goods were not in any manner deteriorated before sale, but, from some unexplained cause, brought only the trifling amount above named.

It is urged that the court erred as to the findings and declarations of law. With regard to the latter, there can be, in cases submitted to the court, no such thing as the misleading of juries, and they can not be viewed exactly in the light of instructions. The finding of facts and the application of law are the combined and simultaneous operations of the same mind, which is trammeled with no instructions to mislead the judgment, and under no obligation but to apply the correct law to the exigencies of the case. The object of requiring declarations of law is to enable the appellate court to determine whether or not the judge had been misled by his own erroneous views.

This is to be determined by the effect and purport of his declarations taken altogether and considered in the light of the facts. Although the court in trials by it discharges one of the functions of a jury in finding the facts, it is not required to sit as a jury any more than a Chancellor does in equity. It is not required to instruct itself in advance, by writing or otherwise, as juries are instructed. It determines the facts and law together, and then is required to put in writing its views of the law separately from its findings of fact. Instructions are not in their nature applicable to trials by the court, although counsel may very properly request, on the decision of a case, a statement of the conclusions of the court on any point of law involved. The common practice of settling declarations of law in advance is not required by the Code.

Although the judge declined to make certain declarations *ipsissima verba*, as requested by the defendants, we may take them altogether, qualifying each other, as indicative of his views. Substantially they are as follows:

1. Declaration of law need not precede finding of facts.

Alexander et al. v. The State, Use Lowenstein & Bros.

1. Officer liable for insufficient levy. That a neglect of an officer to levy on sufficient property, when he may do so, renders him and his securities liable for any loss; that in estimating sufficiency he must have in contemplation the time, manner, etc., of the sale, and the probable price which under all the circumstances might be obtained; and make a levy sufficient to pay the debt in full—that is, according to his best judgment; and if the goods do not bring the debt, when he might have taken more, it devolves upon him to show that from some unforeseen accident between the levy and sale the goods did not bring such value as might fairly have been anticipated. The court declared also that the great disparity between the debts in the attachments and the actual proceeds of sale, in the absence of any explanation to account for depreciation in value of the goods, was a circumstance which might be taken to show the true value of the goods when taken, and afforded ground for attributing to the constable carelessness and negligence in not making a larger levy.

At the request of defendant the court also declared that it was the duty of the officer in this case not to make an excessive levy; and that if under the responsibility of the two duties he did all that was prudent in the premises, he was not responsible for an inadequate levy; that he might exercise a reasonable discretion as to the amount levied on, and would not be responsible for loss after the exercise of a sound discretion; that he had the right, and it was necessary for him, to exercise his judgment in avoiding an inadequate levy on one hand and an excessive one on the other; and if in the outset he made an adequate levy and from subsequent facts the property failed to produce enough to satisfy the debt, he would not be liable.

Such, in substance, was the tenor of the declarations made. Those refused were, all but one, either repetitions of the same principles, or were not justified by the facts.

Alexander et al. v. The State, Use Lowenstein & Bros.

One was to the effect that the constable was not liable unless he had been paid or tendered his fees. This was properly refused. An officer need not execute civil process until his fees are paid or tendered, but if he receives the process, and either expressly agrees or tacitly assumes to execute it without demanding his fees, he must do so with the same promptness and fidelity as if he had been paid in advance. It is only a personal privilege for him to decline the service until paid, and not a license to neglect his duty and sacrifice the interests of those who have relied upon him and who may be supposed to have been ready to pay when required. The declarations of law were sound and supported by authorities. <span>2. Non-payment of fees no defense for official neglect.</span>

The question reverts, did the officer fail in official duty? The court found in effect that he had done so in making an inadequate levy, whereby a great portion of the plaintiffs' debt had been lost. The grounds of that finding are expressed in one of the declarations of law above set forth, to-wit, that the gross inadequacy of the proceeds compared with the debts, afforded proof of negligence.

Certainly it seems such as can not be reconciled with any sound judgment. There is no proof, it is true, of any intention to act in bad faith towards the plaintiffs or to favor Mrs. Reinach or her other creditors. That is, no direct proof. But it does, at least, indicate culpable carelessness on the part of the officer in informing himself of the true value of the goods taken. A man of ordinary good judgment would not make such a mistake, if he had taken reasonable care to be advised of the nature and salable character of the goods. They were not deteriorated in the interval between seizure and sale. From all that appears they were as valuable when sold as when taken. The officer does not seem from the evidence to have estimated their value at all, but is shown to have taken the clerk's

statement of the cost price as the criterion. This may have been, and often is, and in this case evidently was, very fallacious. It was carelessness to rely upon it, and the officer did so at his peril and that of his sureties. He had no right to impose on the plaintiffs in attachment the obligation to rely upon the cost price for their security. They were entitled to a levy of the full amount in actual value, or at least to have the officer exercise a careful judgment as to such actual value, whether the goods had cost much or little.

The honorable circuit judge thought he had not done so, and we see no reason in the evidence to disturb his finding.

Affirm.