HENRY G. WILEY AND H. FRED WILEY, PLAINTIFFS IN ERROR, v. PETER F. SHARS, DEFENDANT IN ERROR.

1. **Trial**: TRIAL COURT: FINDINGS OF FACT AND LAW. Where a jury is waived and questions of fact tried by the court, either party may request the court to state in writing the conclusions of fact found, separately from the conclusions of law; when such request is made, it is error for the court to refuse to make such findings, and the error is not cured by assigning findings on overruling a motion for a new trial.

2. **Chattel Mortgage**: DESCRIPTION OF PROPERTY. Where the description in a chattel mortgage was "twenty-three head of horses and mules, * * * * * all situated on their range on the South Loup river, * * * * * Above described chattels are now in their (the mortgagor's) possession and are owned by them," the testimony showed the range in question to be situated in Buffalo county, where the mortgage was filed for record, and that the horses and mules were all those possessed by the mortgagor; *Held*, A sufficient description.

ERROR to the district court for Buffalo county.    Tried below before HAMER, J.

*Calkins & Pratt,* for plaintiff in error.

*Ira D. Marston* and *A. H. Connor,* for defendant in error.

MAXWELL, CH. J.

In February, 1884, the Nebraska' Land and Cattle Company of Buffalo county, to secure the sum of $4,500, executed a chattel mortgage to the Buffalo County Bank, of Kearney, upon personal property described in the mortgage as follows:

"Their entire herd of cattle, consisting of bulls, cows, calves, heifers, steers, etc., 500 head, more or less, said cattle being marked in part by ear labels in left ear, by cutting of the right ear, by being branded on the hip with the letter 'P,' and by various other marks and brands, and some with no marks or brands.    Also their entire flock of sheep, 2,000 head, more or less, twenty-three head of horses and mules, together with all their tools, farm machinery, etc., consisting of threshing machine, four self-binding harvesters, four mowing machines, five wagons, a lot of harness, plows, seeders, cultivators, etc.; also a lot of carpenter and blacksmith tools; also about 500 bushels of wheat, their entire herd of swine, 400 head, more or less, all situated on their range on the South Loup river, subject to a chattel mortgage dated February 7, 1884, to Fred O. Ellis, on cattle to secure payment of $5,000; also one to Wiley & Perry on Vermont Merino ewes, to secure payment of about $3,100.

"The above described chattels are now in their possession, are owned by them, and free from incumbrances in all respects except as stated."

The chattel mortgage was duly filed and indexed in the county clerk's office February 25, 1884.

On the 10th day of March, 1884, the defendant in error, who was then sheriff of Buffalo county, levied upon certain personal property belonging to said Nebraska Land and Cattle Company, in an action pending in the district court of that county, wherein Henry H. Bowie was plaintiff and the Nebraska Land and Cattle Company defendant, to-wit: " One bay mare, named Brownie; one white mare, named Babe; one brown mare, named Curlie; one bay horse, named Charlie; one brown horse, named Bean; one dark bay horse mule, named Nickel; one dark bay mare mule, named Jennie; one dark bay horse mule, named Sam Tilden; one sorrel mare, named Nellie, and one brown mare with four white feet, named Lucy."

And also on the same day, in an action pending in said court wherein R. R. Greer was plaintiff and the Nebraska Land and Cattle Company defendant, said defendant in error levied upon the following personal property of said company: "One sorrel horse, named Dick; one light brown horse mule, named Jack; one bay mare mule, named Dime; one lumber wagon, Jackson make; one double harness; one lumber wagon, Moline make; 200 bushels of wheat in bin No. 1; 150 bushels wheat in bin No. 2; 200 bushels in bin No. 3; 100 bushels wheat in bin No. 4; 50 bushels wheat in bin No. 5; 75 bushels wheat in bin No. 6; about 300 bushels of oats, and 60 bags of millet.

It is claimed that the Greer case has been settled, and as there is no proof except as to the horses taken under the Bowie attachment, the property levied upon under the Greer attachment need not be further considered. The property levied upon under the Bowie attachment had previously been included in the mortgage heretofore referred to, and re-taken on an order of replevin by the said Buffalo County Bank.

On the trial of the action of replevin a jury was

waived and the cause tried to the court, which found the issue in favor of the defendant below, and that the value of the property was $1,200, and that the defendant had a lien on said property in the sum of $815.65.

The plaintiff filed a request in writing that the court find the questions of law and fact separately, which the court neglected to do, to which exceptions were taken, and which neglect is now assigned for error.

Section 297 of the code provides that, "Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court up- on the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The plaintiff clearly was entitled to a separate statement of the questions of law and fact.    The court endeavored to remedy this defect in part, on overruling the motion for a new trial, by assigning as a reason for such ruling, "That the mortgage did not sufficiently describe the property in question, and further, that the plaintiffs were affected with notice, and were estopped as to defendants' attachment to claim under their mortgage."    This, however, did not cure the error, as a court could thereby prevent a review of its own erroneous judgment.    The time for filing a motion for a new trial is limited to three days, except in certain con- tingencies which need not be noticed, while there is no such limitation as to the time in which the court shall rule upon such motion.

It is evident that the principal objection is, that the mortgage does not sufficiently describe the property in ques- tion.    The testimony clearly shows that the range on the South Loup river, where the property was located, was the company's farm in the county of Buffalo, and that the property described in the mortgage, the twenty-three head

of horses and mules, were all the horses and mules pos-
sessed by such company.

The description of property in a chattel mortgage should
be such as to enable third persons to identify the property,
aided by inquiries which the mortgage itself indicates and
directs. *Price v. McComas, ante* p. 195; S. C. 31 N. W.
R., 511. *Elder v. Miller*, 60 Me., 118. *Chapin v. Cram*,
40 Me., 561. *Bank v. Farrar*, 46 Me., 293.

In this case, as the number of horses and mules given
in the mortgage included all those possessed by the mort-
gagor, there was no uncertainty as to what animals were
mortgaged; and it was further stated in the mortgage that
"all (were) situated on their range on the South Loup
river," and "that the above described chattels are now in
their possession (and) are owned by them," etc. It will
thus be seen that the ownership, possession, and location of
the horses are all descriptive. The chattel mortgage, there-
fore, was constructive notice to all persons that the bank
had a lien upon twenty-three head of horses owned by the
mortgagor, and then in its possession on its farm in Buffalo
county.

In *Knapp v. Dietz*, 24 N. W. R., 471, it was held by
the supreme court of Wisconsin, that the description of
property in a chattel mortgage, as "41 Berkshire hogs and
65 grain sacks," was not so uncertain as to invalidate the
mortgage, the testimony showing that this included all the
hogs and grain sacks owned by the mortgagor; see also
cases cited in note.

In *Kenyon v. Framel*, 28 N. W. R., 37, it was held by
the supreme court of Iowa that a chattel mortgage in which
the property was described as "50 head of steers, about
twenty months old, now owned by me and in my pos-
session in Independence township, Jasper county, Iowa,"
sufficiently described the property to enable an honest in-
quirer to identify it. See also *Yant v. Harvey*, 55 Iowa,
421. *Smith v. McLain*, 24 Id., 322.

This case differs from that of *Price v. McComas* in this:

In that case McComas possessed 98 head of steers, and the description in both mortgages applied to all of them. . No particular steers were identified in any manner; hence it was impossible to determine what particular steers were mortgaged. In this case, however, the description is sufficient to identify the property.

The maxim of the law is, "That is certain which may be rendered certain."

The question of estoppel has neither been pleaded nor proved, and is not before the court.

It follows that the judgment of the district court must be reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.