C. W. LYMAN & COMPANY v. D. WATERMAN.

FILED APRIL 21, 1897. No. 7223.

Trial to Court: REFUSAL TO STATE FINDINGS SEPARATELY. When a jury was waived and questions of fact were tried by the court and in due time a request was made of the court to state in writing the findings of fact separately from conclusions of law, it was prejudicially erroneous for the court to deny such request. (*Wiley v. Shars*, 21 Neb., 712.)

ERROR from the district court of Saunders county. Tried below before BATES, J. *Reversed.*

*Good & Good* and *L. E. Gruver*, for plaintiff in error.

*Simpson & Sornborger, contra.*

RYAN, C.

On May 12, 1890, Oliver Eaton and D. Waterman executed a promissory note to plaintiff in error for $52.70, due ninety days after date. Suit was brought against Waterman on this note, and upon a trial to the court there was a finding for the defendant and judgment accordingly. The defense of Waterman was that he was surety on said note, and that for a valuable consideration paid by Eaton the time of payment was extended by the payee without the knowledge of Waterman, who thereby was discharged. This was denied by a reply of plaintiff. On the trial, a jury being waived, plaintiff in writing requested the court to make a finding of facts separate from the findings and conclusions of law. This request was denied and plaintiff excepted, and by a motion for a new trial and a petition in error the correctness of this ruling has been challenged. The same question was presented in *Wiley v. Shars*, 21 Neb., 712, and it was then held that the refusal noted was prejudicially erroneous. The judgment of the district court is therefore

REVERSED.