# INSURANCE CO. OF NORTH AMERICA v. TAYLOR.

No. 1889.    Opinion Filed June 25, 1912.

(124 Pac. 974.)

1. **TRIAL—Trial by Court—Findings—Separate Statement of Conclusions of Fact and Law.** Where an action is tried before the court without a jury, and at the close of the evidence and before judgment one of the parties requests the court, in accordance with the provisions of section 5809, Comp. Laws 1909, to state in writing its conclusions of fact found separately from its conclusions of law, with the view of excepting to the decision of the court upon the questions of law involved in the trial, and where there is a conflict in the testimony upon a material issue, and the court refuses to comply with said statutory requirement, and renders judgment against the party making such request, such failure to so state the conclusions of fact and of law constitutes reversible error.

2. **APPEAL AND ERROR—Review—Harmless Error—Findings by Court.** The neglect or refusal to comply with the requirements of

the statute in such cases cannot be said to be error without prejudice.

3.  **TRIAL—Trial by Court—Constitutional and Statutory Provisions.** Section 5809, Comp. Laws 1909, requiring the trial court, upon request of one of the parties to an action, to state in writing the conclusions of law, is not affected by section 20 of article 7 of the Constitution.

4.  **SAME—Trial by Court—Findings.** Section 5149, Mansf. Dig. of Ark. (Ind. T. Ann. St. 1899, sec. 3354), in force in the Indian Territory, requiring that the trial court, upon the trial of questions of fact by it, shall state in writing the conclusions of fact found separately from the conclusions of law, is mandatory, and a failure to so find upon a proper and timely request constitutes reversible error.

(Syllabus by Sharp, C.)

*Error from District Court, Rogers County;*
*J. I. Howard, Special Judge.*

Action by William Taylor against the Insurance Company of North America. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Dennis H. Wilson* and *Preston S. Davis,* for defendant in error.

Opinion by SHARP, C. The sole question presented for our consideration in the brief of counsel for plaintiff in error is that the trial court erred in refusing to submit or state the conclusions of fact found separately from the conclusions of law. The case was tried before the court; a jury being waived. Defendant's motion or request for special findings of fact and conclusions of law was submitted in writing at the conclusion of the testimony, and called for a finding by the court upon five specific questions of fact, with an additional request for the court to find upon all other material facts raised by the issues. The court found generally for the plaintiff, and judgment was rendered against defendant in the sum of $2,949.70. To the action of the court in refusing to submit special findings of fact and conclusions of law, as well as to the rendition of the judgment, defendant excepted. The action was one brought in the United

States Court for the Indian Territory at Claremore prior to statehood, and was first tried in said court. From the judgment rendered an appeal was taken, and a decision was rendered by this court November 9, 1909, remanding said cause and ordering a new trial. *Taylor v. Ins. Co. of North America*, 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906. The second trial was had in the district court of Rogers county on May 31 and June 1, 1910.

It is unnecessary to determine whether the case is one that should be governed by the laws of Arkansas, in force in the Indian Territory by the act of Congress, or by the laws of the state of Oklahoma, as in our opinion, with reference to the controlling question involved, there is no substantial difference in the laws of the two former jurisdictions.

Section 5149, Mansf. Dig. (Ind. T. Ann. St. 1899, sec. 3354), provides:

"Upon trials of questions of fact by the court, it shall state in writing the conclusions of fact found separately 'from the conclusions of law"

—while section 5809, Comp. Laws of Oklahoma 1909, provides:

"Upon the trial of questions of fact by the court it shall not be necessary for the court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing, the conclusions of fact found, separately from the conclusions of law."

In *Chrisman v. Rogers*, 30 Ark. 352, regarding the Arkansas statute as well as a provision of the Constitution on the same subject, it was said:

"Section 11, art. 7, of the Constitution, ordains 'that if the trial is by the court, the judge shall reduce to writing his findings upon the facts in the case,' and by the Code practice (section 365) it is provided that upon trials of questions of fact by the court he shall state in writing the conclusions of fact found separately from the conclusions of law. These provisions of the Constitution and the Code are clear, and beyond doubt require that they should be complied with. They required of the judge who assumed to perform the duties of the jury, to weigh the evidence and state the conclusions of fact found by him; to reduce

such finding to writing, together with his rulings of the law applicable to it. They presuppose the existence of an issue of fact, to be determined upon principles of law, as applicable to the state of facts found. The finding is in the nature of a special verdict, by which, under the law applicable to them, the court is enabled to render its decision."

The same view of this statutory requirement has been sustained by the Supreme Court of Arkansas in numerous other cases, included among which are *Apperson & Co. v. Stewart,* 27 Ark. 619; *Wood et al. v. Boyd,* 28 Ark. 75; *Nathan et al. v. Sloan,* 34 Ark. 524; *Alexander et al. v. State, Use, Lowenstein & Bros.,* 42 Ark. 41. The question of the effect that the Oklahoma statute should receive was one that came before the Supreme Court of the territory at an early date, where it was held in *Thompson et al. v. Russell,* 1 Okla. 225, 32 Pac. 56, that the right of a party to have a court make separate conclusions of fact and of law was a substantial right, and that a failure to grant such right would necessitate a reversal on appeal. The rule there announced was followed in *Rogers v. Bonnett,* 2 Okla. 553, 37 Pac. 1078. In *Smith v. Harrod,* 29 Okla. 3, 115 Pac. 1015, this court held that the provision of section 5809, *supra,* requiring that, upon request of one of the parties, the court shall state in writing its conclusions of fact found, separately from the conclusions of law, was mandatory, and that a failure of the court so to do denied a substantial right, and constituted reversible error. There, however, it was not made to appear from the record that any timely request to find and state separately its conclusions of fact and conclusions of law was made of the court, and for that reason the right of the complaining party was held to have been waived.

Defendant in error in his brief says that the trial court took the position that, under sections 20 and 21 of article 7 of the Oklahoma Constitution, it was not imperative upon the court to make special findings. The latter numbered section can have no application to a trial before the court, while the former does not deprive a litigant of the right to request written conclusions of fact found separately from the conclusions of law, with a view of excepting to a decision of the court upon a question of

law involved in the trial. This, then, leaves the statute unimpaired, and in cases such as here, mandatory in its exactions. Our statute is a reproduction of section 290 of the Code of Civil Procedure (General Statutes of Kansas 1905, sec. 5185), and the Supreme Court of that state has repeatedly held, where a timely request is properly made, that a compliance therewith becomes imperative, and that it is the right of either party to a suit, where the case is tried by the court without a jury, upon request, to have all or any of the issuable facts involved in the pleadings, and upon which there is any evidence, found separately from the conclusions of law based thereon, so that he may have his exceptions to the findings and conclusions. *Briggs et al. v. Eggan,* 17 Kan. 589; *Typer v. Sooy,* 19 Kan. 593; *Atchison, etc., Ry. Co. v. Ferry,* 28 Kan. 686; *Seward, Treasurer, v. Rheiner,* 2 Kan. App. 95, 43 Pac. 424; *Vickers v. Buck,* 70 Kan. 584, 79 Pac. 160. The statutory requirement is one that prevails in many of the states, and it may be said to be generally regarded that, where a statute such as that of Arkansas or Oklahoma obtains, it becomes the duty of the court upon proper and timely request to observe the statutory requirements. 8 Enc. Pl. & Pr. 633 *et seq.*; Elliott's General Practice, secs. 969, 970, 971, 972. Among the many reported cases sustaining this rule are *Lee v. Marsh et al.,* 19 Mich. 11; *Stansell v. Corning,* 21 Mich. 242; *The Montmorency Gravel Road Co. v. Rock,* 41 Ind. 263; *Cruzan v. Smith et al.,* 41 Ind. 288; *Minnich v. Darling,* 8 Ind. App. 539, 36 N. E. 173; *Potwin v. Blasher et al.,* 9 Wash. 460, 37 Pac. 710; *Blumenthal v. Asay,* 3 Utah, 507, 24 Pac. 1056; *Hicklin v. McClear,* 18 Ore. 126, 22 Pac. 1057; *Wiley v. Shars,* 21 Neb. 712, 33 N. W. 418; *Callaghan v. Grenet's Estate,* 66 Tex. 236, 18 S. W. 507; *Cason et al. v. Westfall et al.,* 83 Tex. 26, 18 S. W. 668; *Seymour Opera House et al. v. Woolridge* (Tex. Civ. App.) 31 S. W. 234; *D. M. Osborne & Co. v. Ayers* (Tex. Civ. App.) 32 S. W. 73; *Parker et al. v. Stephens et al.* (Tex. Civ. App.) 39 S. W. 164; *Love et al. v. Rempe et al.* (Tex. Civ. App.) 44 S. W. 681; *Werner Stave Co. v. Smith* (Tex. Civ. App.) 120 S. W. 247; *Russell v. Armador,* 2 Cal. 305; *Brown v. Brown et al.,* 3 Cal. 112; *Haffenegger v. Bruce,*

54 Cal. 416; *Houston v. Trimble,* 3 G. Greene (Iowa) 574; *Evans v. Kappes et al.,* 10 Iowa, 586; *Ogden v. Glidden,* 9 Wis. 46; *Farrar v. Lyon,* 19 Mo. 122; *Cochran et al. v. Thomas et al.,* 131 Mo. 258, 33 S. W. 6; *McHale v. Wellman et al.,* 101 Tenn. 150, 46 S. W. 448; *Foushee v. Pattershall,* 67 N. C. 437, 453; *Lyman & Co. v. D. Waterman,* 51 Neb. 283, 70 N. W. 921.

It is stated by counsel for defendant in error that in the last trial the case was tried upon the same pleadings and evidence as were before the court in the first trial, and that, therefore, the rights of Taylor had been adjudicated by the former decision of this court. Upon the questions determined in such opinion counsel are correct. *Oklahoma City Gas & Power Co. v. Baumhoff,* 21 Okla. 503, 96 Pac. 758; *State Bank of Waterloo v. City Nat. Bank of Kansas City,* 26 Okla. 801, 110 Pac. 910. But the error now complained of raises the question of a substantial right arising out of the procedure in the trial court in the second trial, and not before the court on the former appeal. The trial involved certain issues of fact joined by the pleadings. The testimony was not entirely harmonious. In such cases either party, for the purposes named in the statute, is entitled as a matter of right to have the court state in writing its conclusions of fact as found by it, separately from its conclusions of law. Counsel for plaintiff in error, by filing their request in writing at the conclusion of the testimony and before the rendition of judgment, clearly brought themselves within the statute, and it was error for the trial court not to submit its findings according to the exaction of the statute.

It is urged that the brief of plaintiff in error does not comply with rule 25 of this court (20 Okla. xii, 95 Pac. viii), which provides, "The brief shall contain a specification of the errors complained of, separately set forth and numbered," etc., and for that reason plaintiff has no right to be heard. At page 14 of the brief it is stated that the appellant is insisting on his appeal by reason of the prejudicial error committed by the trial court in overruling his motion for a new trial, and that all points intended to be raised and relied upon appear in said motion for a new

trial, and under the heading, "Defenses Relied Upon," counsel say:

"As stated in the beginning of this brief, the defenses interposed were (1) a general denial; (2) that the policy was canceled; (3) that the plaintiff failed to furnish proof of loss; and (4) that the property was mortgaged. Evidence was introduced bearing upon each of these defenses. Each was a controverted question in the trial of the case and under our view of the law, as the case was tried by the court without a jury and the defendant requested special written findings, and we contend that the trial court committed prejudicial and reversible error when it refused to make these findings in conformity with this request."

The sole question, then, considered by counsel is the alleged error of the court in refusing to submit special conclusions of fact and conclusions of law. There being but one error assigned, it would indeed be hypercritical to say that there existed any necessity for its being numbered.

On account of the long number of years that this action has been pending, and this being the second appeal to this court, we regret exceedingly the necessity of reversing the judgment of the trial court. We cannot, however, overlook the plain letter of the statute, and say that the failure of the trial court in the particular complained of did not constitute prejudicial error. When the statute enjoins a duty upon the trial court, such as the one complained of, a disregard thereof cannot be said to be without prejudice, or that the error is in itself harmless. Nor is this conclusion inconsistent with the former decisions of this court, in which very different questions were presented for consideration.

The judgment of the trial court should therefore be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.