## LONG v. O. R. LANG & CO.

No. 4194.   Opinion Filed July 20, 1915.

(150 Pac. 903.)

**APPEAL AND ERROR—Presentation for Review—Pleadings.**   There being ample evidence to sustain a judgment of the court on the theory on which the case was presented by the pleadings, and there being nothing in the record to show the contrary, the presumption is that the judgment was rendered on the theory presented by the pleadings, and the mere fact that during the trial of the case the judge made some remarks evidencing his uncer-

tainty as to whether the plaintiff's pleadings presented the correct theory of their case, will not, in the face of evidence reasonably sustaining the judgment on the theory presented by the pleadings, warrant this court in assuming that such judgment was rendered on a theory of the case adopted by the court and entirely foreign to the pleadings.

(Syllabus by Wilson, C.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by O. R. Lang & Co., a copartnership composed of O. R. Lang and C. D. Young, against W. J. Long. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Rowland & Talbott,* for plaintiff in error.

*B. B. Foster,* for defendants in error.

Opinion by WILSON, C.  Defendants in error sued the plaintiff in error in the trial court to recover a balance alleged to be due them on account of the performance of an alleged verbal contract, it being the contention of the plaintiffs that the defendant had employed them to operate for him, in their own name, a string of oil and gas well drilling tools, in consideration for which service defendant was to pay plaintiffs for the use of their own tools used in the well drilling operations in connection with defendant's tools, to pay them for the value of their time and services, and to reimburse them for all of their expenses in and about the operation of said line of tools for the defendant, and, upon the completion of the jobs contemplated, and upon defendant being reimbursed for the cost of his tools out of the profits earned, to give plaintiffs a one-half interest in them. On the trial of the case, the plaintiffs recovered a judgment against the defendant for $700.07, from which, and from the order of the trial court overruling his motion for a new trial, the defendant appeals to this court.

Plaintiffs' petition alleges the contract, and sets out in an exhibit thereto an itemized statement of the value of their services, the value of the use of their tools, the actual expenses of the drilling of two wells, item by item, and the amount actually paid them by the defendant, and prays judgment for the difference, which is alleged to be $704.07.

Plaintiff in error, in his petition in error, assigns a number of alleged errors of the court, but in his brief he confines his argument to the alleged error of the court in rendering its judgment on an entirely different theory from that raised by the pleadings, and in permitting the introduction of evidence in support of its own theory of the case to the great prejudice of the defendant, who, it is urged, was not prepared to meet the issues of the new theory, to wit, that the action was one of accounting between partners and not one on account. From various remarks made by the trial judge during the trial of the case, there seems to have been for a time some uncertainty in his mind as to whether the plaintiffs had pursued the right remedy in commencing their action, a confusion which, no doubt, arose by reason of the lack of clearness of the evidence tending to establish the terms of the contract sued on, but there is ample evidence in the case to support plaintiffs' petition on the theory on which the case was commenced, and there is nothing in the record to show that the court rendered its judgment on any other theory. Although plaintiffs' statement of account filed with their petition itemized two notes which were not proper to be included in such an action, their case was, at its inception, clearly an action to recover a balance due on account, there was ample evidence to sustain the judgment of the court on the theory presented by plaintiffs' pleadings, and the presumption is that upon that theory the judgment was rendered. The mere fact that during the

trial of the case the judge made some remarks evidencing his uncertainty as to whether plaintiffs' pleadings presented the correct theory of their case, will not, in the face of evidence reasonably sustaining the judgment on the theory on which the case was commenced, warrant this court in assuming that such judgment was rendered on a theory of the case adopted by the court and entirely foreign to that presented by the pleadings.

The case was tried by the court without a jury. The findings were general and not specific. Section 5809 of the Compiled Laws of 1909 (section 5017, Rev. Laws 1910) provides that:

"Upon the trial of questions of fact by the court it shall not be necessary for the trial court to state its findings, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court * * * in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law."

And if, as contended by the plaintiff in error, the court did, in fact, decide the case on a theory entirely foreign to the issues raised by the pleadings, and he decided to predicate error on that fact, he should have requested the court to make separate findings of facts and conclusions of law and then, on their being brought here in the record, this court could determine on what theory the judgment was rendered. *Insurance Co. of North America v. Taylor*, 34 Okla. 186, 124 Pac. 974.

There being ample evidence to sustain the judgment, and nothing in the record to sustain plaintiff in error's contention that the court's decision was made on a new theory and one entirely foreign to the issues raised by the

pleadings in the case, the judgment of the trial court should be affirmed; and we so recommend.

By the Court:   It is so ordered.