SIDNEY GREEN, Appellee, v. DES MOINES FIRE INSURANCE COMPANY, Appellant.

**Fire Insurance:** PROOFS OF LOSS: OMISSION OF AFFIDAVIT: WAIVER. Within four days after the plaintiff's property had been destroyed by fire he wrote the defendant stating the fact of the loss, and that he had no knowledge of the origin of the fire, but sent no proofs of loss by affidavit as required by statute and the provisions of the policy. Receiving no reply for fifteen days, he wrote again to the defendant, calling attention to his former letter, and inquiring if there was anything lacking on his part. To the latter communication the defendant replied that its officers had expected to have some one visit the place of loss before that time, but they had been very busy, and would endeavor to do their part in the matter as soon as possible. *Held*, that the action of the defendant operated as a waiver of the requirement for proofs of loss by affidavit.

*Appeal from Appanoose District Court.*—HON. DELL STEWART, Judge.

WEDNESDAY, DECEMBER 16, 1891.

ACTION upon a policy of insurance. There was a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Cole, McVey & Clark*, for appellant.

*Tannehill, Vermillion & Vermillion*, for appellee.

BECK, C. J.—I. The petition alleges the destruction by fire of the property insured, and that four days thereafter the plaintiff wrote to the defendant, stating in his letter the fact of loss, and that he had no knowledge of the origin of the fire. Receiving no reply, about fifteen days after he wrote again, calling attention to his former letter. A reply was promptly returned to the second letter, advising the plaintiff that the officers of the defendant "expected to have some one visit" the place of the loss "before this time, but we have been

very busy. We will endeavor to do our part in the matter as soon as possible.'' The petition alleges that the defendant made no objection to the notice of loss contained in the plaintiff's two letters, and made no objections that the statements in the letters as to the loss are not sworn to by the plaintiff, or that the letters and notice of the loss were not accompanied by an affidavit, as required by statute, and failed to notify the plaintiff that an affidavit was required, and sent an adjuster to the premises, who fully investigated the cause of the fire, and urged the defendant's local agent to settle the loss for less than the sum insured. The plaintiff alleges that, by these acts of the defendant, it waived objection to the sufficiency of the proof of loss, and the notice. The defendant demurred to the petition on the grounds that it shows no proof of loss was furnished the defendant, and the facts pleaded do not constitute in law a waiver of such proof. The demurrer was overruled.

II. The policy upon which the action was based contains conditions for notice of loss, the writing to be given by assured, and for payment thereof by the defendant ''immediately upon receipt of proper proofs.'' The evidence shows the description of the property covered by the policy, and that the plaintiff soon thereafter wrote to the defendant, notifying it of the total loss of the property and stating that he had no knowledge of the particulars of the fire, and some other matters. This letter contained statements which should have appeared in the proof of the loss, had it been made. To this letter, and another written subsequently, the defendant replied as stated in the petition above quoted.

Both sides of the case recognize the fact that whether there was a waiver of the provision of the statute and the condition of the policy requiring proof of loss by affidavit, as required by the statute, is the only question in the case. The policy and the statute

require that the plaintiff shall show, to entitle him to recover, "the loss of the building insured, and that he has given the company * * * notice in writing of such loss, accompanied by an affidavit stating the facts as to how the loss occurred, so far as they are within his knowledge, and the extent of the loss." It cannot be doubted that the letter to the defendant is to be regarded as sufficient notice of the loss, and that it was total in character and the date of its occurrence. The letter states the fact that the plaintiff has no knowledge of the particulars of the fire and its origin, and some other matters that should be incorporated in an affidavit proving the loss; but it fails to comply with the requirements of the statute as to proof by affidavit. It is not doubted that the defendant may waive this requirement. We are to determine whether the evidence in this case shows a waiver. "Acts and declarations whereby the other party was induced to believe that the condition was dispensed with or forfeiture waived, will be sufficient to preclude the setting up of the breach of the condition as a defense to the contract of the party bound thereby." *Viele v. Insurance Co.*, 26 Iowa, 9, 55; *Hollis v. Insurance Co.*, 65 Iowa, 454, 458. The letter was intended by the plaintiff and supposed to be a sufficient proof of loss, and was expected by the plaintiff to be accepted by the defendant as such. In the second letter the plaintiff requests to be informed "if there is anything lacking" on his part. To this letter the defendant replied, indicating that steps would be taken at once to determine and adjust the loss. The plaintiff was authorized to presume, and to act upon the presumption, that the defendant would not incur the expense of sending an agent to examine the loss and take steps for its adjustment, until it was satisfactorily proved that a loss had occurred. If there had been any objection regarding the letter as proof of a loss, the plaintiff was authorized to presume that the defendant would make such

objection known. "Good faith required that, if proofs were not satisfactory, notice should be given the assured to that effect, within at least a reasonable time." *Young v. Hartford Fire Insurance Co.*, 45 Iowa, 378, 383. The plaintiff was authorized to rest upon the presumption that the defendant would act in good faith, and give him such notice if the letter was not regarded as sufficient proof of loss. The defendant was bound to know that the plaintiff would so regard its failure to make objection to the insufficiency or want of proof. It must, therefore, under the familiar rules upon this subject recognized by this court, be regarded as having waived all objection to the insufficiency or want of proof of loss.

These conclusions dispose of the case, and demand that the judgment of the district court be AFFIRMED.