LE ROY BROWN, APPELLEE, V. FIREMEN'S INSURANCE COM-
PANY, APPELLANT.

FILED JULY 15, 1921.  No. 21534.

1. Insurance: PROOF OF LOSS: WAIVER.  A provision in a fire insur-
ance policy whereby the insured is required, in the event of loss,
to furnish written proof thereof, signed and sworn to by him,
within 60 days after the fire, is for the insurance company's
benefit, and is waived by it by a course of conduct on its part,
during such period of time, which reasonably induces the insured
to believe that settlement will be made without such proof, if the
insured, acting on such belief, fails to comply with said provision.

2. ———: ———: ———. Under the facts stated in the opinion, *held*, that the provision of the policy requiring the insured to furnish written proof of loss, signed and sworn to by him, within 60 days after the fire, was waived.

3. **Appeal:** Findings. Where a cause was tried to the court without a jury, and there was but a single question of fact, the determination of which was decisive of the case, the trial court did not commit prejudicial error in denying the defendant's request for separate findings of fact and conclusions of law.

Appeal from the district court for Antelope county: William V. Allen, Judge. *Affirmed.*

*Williams & Kryger* and *Montgomery, Hall & Young,* for appellant.

*Jackson & Rice, contra.*

Heard before Letton, Day and Dean, JJ., Clements (E. J.) and Morning, District Judges.

Morning, District Judge.

Action by Le Roy Brown, in the district court for Antelope county, against the Firemen's Insurance Company of Newark, New Jersey, to recover on a fire insurance policy issued to the plaintiff by said defendant on an automobile, which was destroyed by fire during the life of said policy. By stipulation of the parties the cause was tried to the court without a jury. There was a judgment for plaintiff, and defendant appealed.

While plaintiff was driving the insured car on a country road, near Deloit, at about 9 or 10 o'clock at night, it was stalled in the mud and broke down. Plaintiff endeavored to get some one to pull his car out, but failed. He then procured a car from a garage at Deloit and started home, but found the car he had borrowed did not work well, and he returned it and got another car. While he was making this exchange, some one came along and told him of the fire. It was then about midnight. Owing to the nature of the defense presented, the circumstances of the fire are not disclosed by the record and are not material to a consideration of the case.

The policy of insurance sued upon provided: "In the event of loss or damage the assured shall forthwith give notice thereof in writing to this company or the authorized agent who issued this policy, and shall protect the property from further loss or damage; and within sixty days thereafter, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said assured, stating the knowledge and belief of the assured as to the time and cause of the loss or damage, the interest of the assured and of all others in the property."

Said policy also provided that failure on the part of the assured to render such sworn statement of loss to the company within 60 days of the date of loss shall render a claim thereon null and void; that the company shall not be held to have waived any provision or condition of the policy, or any forfeiture thereof, by any requirement, act or proceeding on its part relating to the appraisal or to the examination herein provided for; and that the sum for which the company should be liable upon the policy "shall be payable sixty days after the notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company," and that "no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the foregoing requirements."

The sole defense insisted upon by defendant is that written proof of loss, sworn to by the assured, was not furnished as required by the policy. No proof of loss was made by plaintiff other than notice of the fire given to the local agent, and the communication of the same to the state agent; but plaintiff insists that, under the facts shown by the evidence, the defendant waived written proof of loss. Whether the proof of loss called for by the policy was waived or dispensed with by the company is the decisive question in the case, and our answer to this question must depend upon the legal consequences to be

attached to the conduct of the parties as disclosed by the evidence.

The evidence shows, quite conclusively, that the next day after the fire Mr. Van Kirk, the defendant's local agent at Neligh, who wrote this policy, was notified of the fire by plaintiff, and the plaintiff gave him such information as he had on the subject; that, immediately, the local agent wrote to Mr. Wilcuts, the defendant's state agent, at Omaha, notifying him of the loss, and within five or six days thereafter the state agent went to Neligh, and he and the local agent drove out to where the burned car was stalled in the mud; that they spent 20 or 30 minutes looking the car over and discussing how to get it out of the mud; and the state agent made some inquiry of residents of the vicinity as to the names of the parties who were in the car when it was stalled and abandoned; that the local agent communicated to the state agent the information he had received from plaintiff concerning the fire; that, while at Neligh, the state agent made some inquiry about plaintiff and about the car, and then left. The local agent testified that the state agent told him before he left Neligh that the company was liable, and that it was only a question of the amount, and that he would be back again and settle, and that he informed plaintiff of the visit and investigations of the state agent, and that the state agent had said the company would settle, and that the state agent would be back again for that purpose. The state agent in his testimony denied that he made any statement to the local agent to the effect that the company was liable and would settle, and the evidence offered by the company is to the effect that the local agent had no authority to make any such statement to the plaintiff or to do anything in connection with the claim, but that, on the contrary, the local agent was expressly instructed by the state agent to do nothing in connection with the matter and to refrain from discussing it. A member of the law firm employed by plaintiff to look after this claim testified that he talked with the local

agent after the inspection of the damaged car by the state agent, and that the local agent informed him that the state agent had stated that the company was liable, that the claim would be settled, and that it was only a question of the amount. Plaintiff and his attorney both testified that they had been told by the local agent that the claim would be settled and that it was not necessary for plaintiff to do anything further. After the visit of the state agent to Neligh the matter of this fire seems to have been referred to a special examiner by the name of Pipkin, at Omaha, but what, if anything, he did in connection with the claim the record does not disclose.

The letter of the local agent notifying the state agent of the loss was dated March 23, the day after the fire. On March 24 the state agent sent the following letter to the local agent:

"Mr. C. B. Van Kirk, Agent, Neligh, Nebraska.

"Dear Sir: I am duly in receipt of your letter of the 23d advising that you have had a loss on a car, and that the proposition does not look good to you. In this instance, permit me to advise you to say nothing about the loss other than that you have reported the matter to the company. I will endeavor to reach Neligh tomorrow or possibly Wednesday. Yours truly, S. E. Wilcuts."

On April 23, after the state agent had been out to inspect the car, the local agent wrote him that plaintiff was in and was anxious to have his claim adjusted, and to let the local agent hear from him at once and get this matter settled up. To this letter the state agent replied under date of April 27:

"Mr. C. B. Van Kirk, Agent, Neligh, Nebraska:

"Dear Mr. Van Kirk: Re auto loss, Roy Brown. I am in receipt of your letter of the 23d reading as follows: 'Mr. Brown was in this morning and is very anxious to have this claim adjusted, so please let me hear from you at once as we must get this matter settled up. Yours truly, C. B. Van Kirk. P. S. Please come up.' Mr. Brown seems more to be in a hurry than he did when I

was in Neligh with you. However, I thank you for your letter and am obliged to advise you that the company has taken the matter entirely out of my hands and I can do nothing until instructed by them. You can rest assured, Mr. Van Kirk, that the matter has and is receiving proper attention by the Chicago office. Yours very truly, S. E. Wilcuts, State Agent."

On May 12, 1919, the company wrote to the attorneys for plaintiff as follows:

"Messrs. Jackson & Rice, Attorneys for Le Roy Brown, Neligh, Nebraska. Policy 1-Roy Brown, Neligh, Neb.

"Gentlemen: I am in receipt of your letter of April 29 regarding above policy and regret that circumstances have delayed answer. I beg to advise that we have referred this claim to Mr. Charles W. Pipkin of Omaha, Nebraska, who is the only one who has authority to represent us in this matter except, of course, this office and our Nebraska state agent, Mr. S. E. Wilcuts. Yours truly, Neal Bassett, Vice-President."

Aside from the conflict in the evidence as to what the state agent told the local agent while the former was at Neligh to look at the car, there is no dispute as to what was done. Notice of the loss having been promptly given and the company having acted upon it and entered upon the work of inspecting the property and investigating the circumstances to the extent shown by the evidence, can the company now be permitted to escape liability because formal proof of loss was not given? We think it cannot. In *Union Ins. Co. v. Barwick*, 36 Neb. 223, 231, Chief Justice Maxwell said: "A company may have notice from their own agent at a given point that a certain loss has occurred, and if it acts upon that information and sends an adjuster to estimate the amount of the same, etc., it is no doubt a waiver of proof." This language of Judge Maxwell was quoted with approval in *Farrell v. Farmers & Merchants Ins. Co.*, 84 Neb. 72. In the case last cited it was held that an agent of an insurance company charged with the duty of adjusting its losses has au-

thority to waive the giving of notice and proof of loss, and in the syllabus it is said: "And if such an adjuster, after property covered by a policy of insurance issued by his principal has been destroyed by fire, goes to the scene of the conflagration, and informs an agent of the assured, who was directed to look after an adjustment of said loss, that said loss is total, and the company will be compelled to pay it, and that, if the policy-holder were present, they would have no trouble in settling, such conduct and statement, if the assured relies thereon, amount to a waiver on the part of the company of notice and proof of loss, and will estop it from insisting on a forfeiture based upon the nonreceipt of such notice and proof."

It is the established doctrine of this court that provisions in insurance policies requiring waivers to be in writing have no application to proofs of loss and stipulations to be performed after loss. *Morgenstern v. Insurance Co. of North America,* 89 Neb. 459. In the *Morgenstern* case, Judge Barnes said (p. 464): "It is contended by the defendant that there is no competent evidence in the record upon which to predicate a waiver, and it is insisted that there could be no waiver unless the same was indorsed in writing on the policy by some one who was authorized to make such indorsement. This contention cannot be sustained, for the more recent authorities hold that the company may, by its conduct, waive proof of loss when it has notice of the breach of such condition; that notice to the agent is notice to the company, and such waiver need not be in writing."

The requirement of the policy that the insured should furnish, within 60 days, written proof of loss verified under oath was for the company's benefit, and could be waived by the company, either expressly or by such conduct as would lead the insured to believe that settlement would be made without it.

The whole course of conduct of defendant and those representing it in connection with this loss, after receiving notice of it, was well calculated, if, indeed, it was not

intended, to lull plaintiff into the belief that nothing further was required of him to bring about an adjustment and settlement of his claim, and that if any further information was desired it would be called for by those in whose hands it had been placed for investigation and "proper attention." Having started its investigation and having given plaintiff to understand that the claim was in the hands of a special examiner and that the home office had been and was giving it "proper attention," the defendant cannot, after the time fixed by the policy for furnishing written proof of loss has expired, be permitted to defend against liability on this policy on the sole ground that proof of loss was not furnished in the form and within the time called for by the policy.

Before the submission of the cause in the district court, the defendant requested the court to state his conclusions of fact separately from his conclusions of law. This request was denied, and defendant now insists that this was error under the holdings of this court in *Wiley v. Shars*, 21 Neb. 712, and *Lyman & Co. v. Waterman*, 51 Neb. 283.

The amount of defendant's liability, if any, was stipulated by the parties, and the only defense presented was failure to give formal proof of loss as required by the policy, and this depended upon whether, under the circumstances, technical proof of loss had been waived. The sole question of fact for the court to decide was, therefore, whether the defendant had so conducted itself in relation to this loss as to constitute a waiver. The judgment of the court could not have been in favor of plaintiff without finding that proof of loss had been waived. An affirmative finding on that question is implied in the general finding and judgment for plaintiff, and the court did not deprive defendant of any substantial right by refusing to make an express separate finding as to such fact. If error was committed, it was without prejudice to the rights of defendant.

It follows that the judgment of the district court must be, and is                                  AFFIRMED.