RELIANCE MOTOR COMPANY v. ST. PAUL FIRE & MARINE INSURANCE COMPANY AND ANOTHER.[1]

January 8, 1926.

No. 24,992.

**Waiver of proofs of loss may be inferred from conduct of insurer.**

1. A waiver of proofs of loss may be inferred from words or conduct of the insurer's authorized officers or agents evincing an intention not to insist on compliance with the requirements of the policy in that regard and calculated to lead the insured to believe that proofs of loss would not be required.

**Evidence warrants jury finding waiver of formal notice and proofs.**

2. Proof of negotiations for the settlement of a loss, or of an offer to pay the loss, warrants a jury in finding that there was a waiver of formal notice and proofs of loss.

[1]Reported in 206 N. W. 655.

**Insurer's adjuster has authority to waive proofs of loss.**
   3. The insurer is not in a position to question the authority of its adjuster to waive proofs of loss.

**Damages not excessive.**
   4. The verdict is not excessive.

   1. See Fire Insurance, 26 C. J. p. 396, § 510.
   2. See Fire Insurance, 26 C. J. p. 403, § 517; p. 406, § 521.
   3. See Fire Insurance, 26 C. J. p. 394, § 507.
   4. See Fire Insurance, 26 C. J. p. 575, § 794.

   1. See 14 R. C. L. 1347; 3 R. C. L. Supp. 388.

Action in the district court for St. Louis county upon a fire insurance policy. The case was tried before Hughes, J., and a jury which returned a verdict in favor of plaintiff. The St. Paul Fire & Marine Insurance Company appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Archer & Rosenmeier,* for appellant.

*Boyle & Montague,* for respondent.

LEES, C.

This is an appeal from an order denying the motion of the defendant insurance company for judgment or a new trial. The action was brought on a policy of fire insurance, was tried by jury and a verdict returned in respondent's favor for $370. A reversal of the order is sought because respondent failed to make proofs of loss within 60 days after the fire and because the verdict is excessive.

The property insured was a motor truck which one Maki had purchased from respondent under a conditional sales contract. Maki had taken out the policy in his own name, but at the trial it was stipulated that the policy should be reformed to make the loss payable to the respondent as its interest appeared.

The fire occurred on May 16, 1924. No written proofs of loss were furnished, but appellant received notice that a loss had been sustained within 3 or 4 days after the fire. The court instructed the

jury that, unless there had been a waiver of proofs of loss, respondent could not recover, hence the jury must have found that there had been a waiver.

There was evidence tending to show that appellant's local agent at Virginia, who had issued the policy, was told of the loss and notified appellant. In response to the notice, Win H. Larkin, an adjuster for appellant, went to Virginia and, accompanied by respondent's president, visited the scene of the fire and discussed a settlement of the loss. Larkin offered to pay $75 or $100, but respondent refused to accept the offer. On one or more occasions thereafter, the local agent informed respondent's president that Larkin would call on him the next time he was in Virginia, but Larkin failed to do so. On June 30, 1924, respondent wrote to appellant's local agent, demanding $500 in settlement of the loss and asking the agent to have Larkin make a settlement or arrange for an appraisal. There was no answer to this letter.

Larkin admitted that he visited the place of the fire with respondent's president and obtained some information about the fire, but stated that he made no offer of settlement. He also admitted that he obtained all the information he desired and had a blank proof of loss in his pocket partially filled out, but did not ask respondent's president to sign it or inform him that it would be required.

It is unnecessary to consider whether Maki's failure to make proofs of loss as required by the policy would bar a recovery by respondent, whose rights are virtually those of a mortgagee. The court submitted the case to the jury on the theory that there could be no recovery unless proofs of loss had been waived, and the trial proceeded on that theory.

The general rule is that there may be an express or an implied waiver of proofs of loss and that a waiver may be inferred from any words or conduct of the insurer's authorized officers or agents evincing an intention on the part of the insurer not to insist on compliance with the requirements of the policy in respect to proofs of loss and calculated to lead the insured to believe that they will not be insisted on. 26 C. J. p. 396. See also Elder v. Grand Lodge, 79 Minn. 468, 472, 82 N. W. 987.

It has been held that an offer to pay the loss, or negotiations for the settlement thereof, may warrant a finding of waiver of formal notice and proofs of loss. Teasdale v. City of N. Y. Ins. Co. 163 Iowa, 596, 145 N. W. 284, Ann. Cas. 1916A, 591; Providence Wash. Ins. Co. v. Wolf, 168 Ind. 690, 80 N. E. 26, 120 Am. St. 395. This is sound doctrine, for we can conceive of nothing more likely to induce the insured to believe that formal proofs of loss will not be required than an investigation of the loss by an adjuster for the insurer and an offer of settlement made in the course of the investigation. Such conduct is well calculated to lull the insured into a false sense of security until it is too late to comply with the requirement of the policy, if compliance is insisted on.

We think appellant cannot question Larkin's authority to waive proofs of loss, although there was no direct proof of the extent of his actual authority, First Nat. Bank v. Manchester F. A. Co. 64 Minn. 96, 66 N. W. 136, and hold that under all the evidence the jury might properly find that appellant waived its right to insist that proofs of loss be furnished. See Ceylon Farm. Elev. Co. v. F. & D. Co. 163 Minn. 280, 203 N. W. 985; Brown v. Firemen's Ins. Co. 106 Neb. 615, 184 N. W. 88.

The truck was struck by a locomotive engine, badly damaged and set afire. Appellant contends that the collision practically destroyed the truck and that the fire added little, if anything, to the damage. There was evidence tending to show that the body of the truck was demolished by the force of the collision, but that the chassis was not seriously damaged until the fire heated the parts to such a degree as to make them worthless. The jury might have found that the truck could have been repaired but for the fire and that the fire destroyed what remained of it after the collision. The truck was new when Maki purchased it on or about April 21, 1924, for $665. It had been used less than a month at the time of the accident. The collision and fire combined to destroy it wholly. Under the evidence we cannot say that the jury was bound to find that it was worth less than $370 after the collision and before the fire.

Order affirmed.