[No. 25426. Department One. May 3, 1935.]

BAILEY WATTS, *Respondent*, v. FEDERAL LIFE AND
CASUALTY COMPANY, *Appellant.*[1]

*Williams & Williams,* for appellant.

*Fred B. Morrill,* for respondent.

GERAGHTY, J.—This appeal is from a judgment in
favor of the respondent, beneficiary under an accident
policy issued by appellant and covering Ollie Watts,
respondent's deceased husband.

Ollie Watts was insured as a truck driver, and his
occupation was given in his application for insurance
as that of truck driver and building mover. He was
injured October 6, 1933, while assisting in loading steel
beams from a railway car onto his truck, the injury re-
sulting in his death a few hours after the accident.

Upon trial without a jury, the court found that the
death of respondent's husband occurred within the
terms of the policy of insurance; that due notice had
been given to the appellant; and that respondent was

[1]Reported in 44 P. (2d) 197.

entitled to judgment in the sum of five hundred dollars, the full amount of the policy, with interest from the day of death. Judgment was accordingly entered in her favor.

The controlling question raised by appellant's assignments of error relates to the sufficiency of the notice of death given by the respondent. With respect to the notice, the policy provides:

"Written notice of injury or of sickness on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. In event of accidental death immediate notice thereof must be given to the Company.

"Such notice given by or in behalf of the Insured or Beneficiary, as the case may be, to the Company at its Home Office, Detroit, Michigan, or to any authorized agent of the Company, with particulars sufficient to identify the Insured, shall be deemed to be notice to the Company."

The policy was issued to Ollie Watts through the office of Deatherage-Ohme Insurance Agency, Inc., of Spokane.

The respondent testified that, on the seventh of October, the day after her husband's death, she brought the policy to Mr. Deatherage at the office of the Deatherage-Ohme Insurance Agency and informed him of the death of her husband; that Mr. Deatherage told her he would notify the company and let her know; that thereafter Mr. Deatherage called her upon the telephone and asked that she come to his office; that she went to his office in response to the call and was told by him that he had notified the company but had not yet received any answer and was writing again—that he had sent letters and telegrams and had not heard, and just as soon as he would hear, he would let her

know. Thereafter, she called frequently upon Mr. Deatherage to inquire if he had heard anything further. About a month after her husband's death, Mr. Deatherage informed her that he had a letter from appellant to the effect that it was willing to settle with her for two hundred dollars. She saw the letter and requested that Mr. Deatherage let her take it to her attorney, but he declined to let her take it out of the office. She received no blank claim forms either from the company or Mr. Deatherage. The appellant offered no testimony.

In an oral opinion, the trial court expressed the view that the respondent had given immediate notice of death, as required by the policy, and that, having advised the appellant, through its agent, of the death of her husband, she was lulled into the belief that the matter would be brought to the company's attention and she would be further advised; and that, from her uncontradicted testimony, it appeared that the appellant had been notified by its agent and that appellant's reply to the agent's notice had been brought to her attention.

We are in agreement with the views of the trial court. The respondent went to the company's agent in good faith, ready to do whatever was required under the terms of the policy. He told her, in effect, that he would attend to the matter for her and give appellant the required notice, and it appears that a notice was given. The appellant concedes in its brief that the formal written notice required by the policy could be given by the agent. Mr. Deatherage told her he had given it, and the letter exhibited to her offering to settle for two hundred dollars was an acknowledgment of receipt of the notice. The agent did not inform her that any further notice or proof was necessary.

"It is next argued that the facts which the evidence tends to establish are insufficient to constitute a waiver

of the defense. Such is not our view of the record. The case is fairly ruled by decisions of which *Griffith v. Ins. Co.*, 143 Iowa 88 [120 N. W. 90], is a leading example. In all essential respects, the facts in the cited case and in the one at bar are quite parallel, and the equities of the insured persons are equally apparent. Here, as there, the plaintiff reported his loss to the local agent with request that proper notice be given the company, and such notice was given by the agent, but no formal proofs of loss were ever furnished. Here, as there, the company gave no hint of objection to the sufficiency of the showing. Here, as there, the plaintiff, believing that he had done all that would be required of him until an adjuster arrived, was tolled along by promises of the early coming of such an agent until the sixty-day period had safely expired, when the company for the first time revealed its true purpose and intent by a distinct refusal to consider the claim at all. In sustaining a recovery under such circumstances, we said:

" 'Proofs of loss required by the policy of insurance may be waived by a shuffling, tricky, or evasive course of conduct on the part of the company, amounting neither to an actual denial or a distinct recognition of liability, yet such as to lead a reasonably prudent man to believe that proofs of loss are not to be required.' " *Teasdale v. City of New York Ins. Co.*, 163 Iowa 596, 145 N. W. 284, Ann. Cas. 1916A, 591.

The course of dealing of appellant's agent with the respondent was calculated to beguile her into the belief that her claim would be adjusted in due course, and amounted to a waiver of strict compliance on her part with the letter of the policy provision respecting written notice.

The judgment is affirmed.

MILLARD, C. J., MAIN, BEALS, and TOLMAN, JJ., concur.