## ANDREW S. LEPAK v. COMMERCIAL CASUALTY INSURANCE COMPANY OF NEWARK, NEW JERSEY.[1]

October 9, 1936.

No. 30,899.

*Courtney & Courtney,* for appellant.
*Baldwin, Holmes, Mayall & Reavill,* for respondent.

STONE, JUSTICE.

In this action on a policy of accident insurance the trial ended in a directed verdict for defendant. After plaintiff's motion for judgment notwithstanding or a new trial was denied, defendant entered judgment, and plaintiff appeals.

The policy contained this provision:

"Written notice of injury or of sickness on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness."

Plaintiff received his accidental injury November 16, 1934. He made no effort to give "written notice" of the resulting injury until December 27. His case is predicated upon an alleged "custom and practice in force" amounting to a waiver of compliance with the policy term requiring written notice within 20 days. The evidence fell far short of establishing a waiver. One of the statutory standard provisions of the policy (1 Mason Minn. St. 1927, § 3417[2])

[1] Reported in 269 N. W. 89.

was that "no agent has authority to change this policy or to waive any of its provisions." Defendant's local agent, Mr. Zien, made an effort, revealed by correspondence, which is in the record, to bring about a settlement of the claim. His earliest letter on the subject bears date of December 13, 1934, which was about a week after the expiration of the 20-day period.

Judgment affirmed.

DEVANEY, CHIEF JUSTICE (dissenting).

I cannot agree. Mr. Zien, the agent for the defendant insurance company, testified as follows:

Q. "How long have you been with this company, Mr. Zien?

A. "About two years.

Q. "And during that time have losses occurred under the policies issued by you in this district?

A. "Yes.

Q. "And on each of those occasions to whom did you report the loss?

A. "I reported to the Milwaukee office.

Q. "What do you mean by saying you reported to the Milwaukee office?

A. "I reported to Mr. McCabe first.

Q. "And when you reported them to Mr. McCabe, I will ask you if in those cases the Combined Registry Company carried on correspondence? Did the Combined Registry Company carry on the correspondence in those cases?

A. "Yes, they did.

Q. "And is Mr. McCabe connected with that office?

A. "Yes, he is.

Q. "Now, in all of those cases during the last few years, where you reported the losses, has the correspondence been handled through McCabe or the Combined Registry Company of Milwaukee or Chicago?

A. "Well, both.

Q. "Has the Commercial Casualty Insurance Company, in those cases in which you reported the losses to the Combined Registry

136

Company, settled and adjusted those losses in various cases extending over a period of two years in which you have been with them?

Mr. Neimeyer: "The same objection.

The Court: "The objection is overruled.

A. "Yes, they have.

Q. "So that the course of dealings has been for you to report the losses to the Combined Registry Company, in the first instance?

A. "Yes, sir.

Q. "And then after the correspondence is had and investigation is made, does the Commercial Casualty Insurance Company—has it been the course of practice during that period you have been with them to adjust those losses in accordance with the correspondence had with the Combined Registry Company?

A. "Yes, sir.

Q. "And has that been the custom practiced during all of that period?

A. "All of that period, yes, sir."

This testimony establishes that for two years it had been the practice of the defendant company to receive notice of claims from their agent, Mr. Zien, through the Combined Registry Company, and to settle these claims after receiving such notice. This was apparently without regard to whether the notice received by Mr. Zien was in writing or not.

Generally a waiver is defined as "a voluntary relinquishment of a known right." 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 10134. Waiver may be implied. Thus in 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 4676, with reference to waiver of terms of insurance contracts, it is stated:

"A waiver of the terms of a contract of insurance may consist in the doing of some act which is inconsistent with an intention to insist on a strict performance, or a course of conduct inconsistent with and in disregard of the terms of the contract."

See also Reliance Motor Co. v. St. Paul F. & M. Ins. Co. 165 Minn. 442, 206 N. W. 655.

The custom and practice of the defendant company in receiving notice of claims from Mr. Zien is, in my opinion, a course of conduct

inconsistent with the strict terms of the policy in question and constituted a waiver of the requirement that the insured give written notice to the company personally and within 20 days. It amounted to a recognition by the company of the agent, Mr. Zien, as the proper official to be notified by the insured. The record indicates that this was the belief of Mr. Zien, who was notified by plaintiff two days after the accident. The defendant company should not be allowed to escape an honest liability on the technical ground that written notice was not given to the company by the agent or the insured until several days after the expiration of the 20-day period provided in a clause of the policy, which clause was apparently given scant consideration by the company's own agent, Mr. Zien.

The judgment should be reversed.